SPENCER PERSSON (BAR NO. 235054)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
spencer.persson@nortonrosefulbright.com

MATTHEW D. SPOHN (Bar No. 269636)
**NORTON ROSE FULBRIGHT US LLP**
1225 Seventeenth Street
Denver, CO 80202
Telephone: (303) 801-2700
Facsimile: (303) 801-2777
matt.spohn@nortonrosefulbright.com

Attorneys for Defendant
CALIBER HOME LOANS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'17CV1718 LAB WVG**<br><br>**DEFENDANT CALIBER HOME LOANS, INC'S NOTICE OF REMOVAL**<br><br>Complaint Filed: July 18, 2017 |

# NOTICE

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(b), 1446, and the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, codified at 28 U.S.C. § 1332(d), defendant Caliber Home Loans, Inc. ("Caliber") hereby removes the state

court action entitled *Salam Rakuzi v. Caliber Home Loans, Inc., et al.,* Case No. CIV 37-2017-00026373, from the Superior Court of the State of California, County of San Diego (the "State Court Action"), to the United States District Court for the Southern District of California. As set forth below, the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

I. **GENERAL INFORMATION**[1]

1. Plaintiff Salam Rakuzi ("Plaintiff") filed the State Court Action against Caliber on July 18, 2017. The four claims alleged in Plaintiff's First Amended Complaint are: (1) negligence; (2) violation of the right to privacy under California Constitution Article 1, Section 1; (3) violation of Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and; (4) violation of the California Information Practices Act ("CIPA"), Cal. Civ. Code § 1798.80 *et seq.* Each of these causes of action are facially deficient.[2] In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint filed in the State Court Action and all process, pleadings, and orders served upon Caliber are attached as Exhibits A, B, C, and D to the concurrently filed Declaration of Spencer Persson in Support of Defendant Caliber Home Loans Inc.'s Notice of Removal ("Persson Decl.") and Declaration of JD Aubrey in Support of Defendant Caliber Home Loans Inc.'s Notice of Removal ("Aubrey Decl.").

---

[1] Pursuant to 28 U.S.C. § 1446(a), this Notice provides a short and plain statement of the grounds for removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014). As recently explained by the Supreme Court, such notices need only include plausible allegations that the jurisdictional requirements are met; evidence supporting the allegations is required only if the plaintiff contests or the Court questions the allegations. *Id.* at 553-54.

[2] For the purpose of removal only, Caliber assumes the truth of the allegations and causes of action set forth in the Complaint. Caliber denies that it has any liability to Plaintiff or the class he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover the damages, restitution or other relief requested in the Complaint. Caliber also submits that this action does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23.

2.  In the Complaint, Plaintiff seeks compensatory damages, statutory civil penalties and enhanced damages, restitution, punitive damages, attorney fees and costs, and injunctive relief on behalf of himself and a national class. (*See e.g.*, Complaint ¶¶ 39-41, 46-49, 55-56; Prayer for Relief ¶¶ 2-9). Plaintiff generally alleges that Caliber failed to adequately protect customer information – including Social Security numbers, driver's license numbers; military or other government ID numbers; dates of birth; financial account names, numbers, and statements; digital signatures and/or information that could be used to access a Class Members' online Defendants account or data storage sites; borrower submission data; health insurance information; and medical ID numbers – within "electronically-stored loan files." (*See, e.g.*, Complaint ¶ 12, 32, 38, 44, 52).

3.  The Class that Plaintiff seeks to represent is composed of and defined as all persons whose information was compromised, in whole or in part as a result of the incident. (*Id.* ¶ 21).

4.  This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1446, 1453 and CAFA.

5.  Caliber's registered agent was served with the Summons and Complaint on July 25, 2017. This notice is being timely filed within 30 days after service of process.

6.  Venue properly lies in the United States District Court for the Southern District of California, because the State Court Action was pending in San Diego County Superior Court, and the Southern District of California is the judicial district embracing the place where the State Court Action was brought. 28 U.S.C. §§ 84(c)(1), 1441(a), 1446(a).

7.  CAFA expanded Federal Court jurisdiction over, and permits removal to Federal Court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class. 28 U.S.C. § 1441(a), 28 U.S.C. § 1453. Specifically, CAFA permits removal of

1  class actions filed in state court if: (1) any member of the putative plaintiff class is a
2  citizen of a state different than any defendant (28 U.S.C. 1332(d)(2)(a)); (2) the
3  members of all proposed plaintiff classes exceed 100 (28 U.S.C. 22 1332(d)(5)(b));
4  and (3) the aggregate amount in controversy exceeds $5,000,000. 28 U.S.C. 1332
5  (d)(2).

6      8.    Caliber is the only named defendant in the State Court Action.

7      9.    Plaintiff was, at the time of commencing the State Court action, and
8  still is, a citizen of the State of California.  (Complaint ¶ 1).  ("Plaintiff Salam
9  Razuki is, and at all relevant times was, an individual residing in the County of San
10 Diego, California. . . . ).

11     10.    For diversity purposes, a corporation is a citizen of the state of its
12 incorporation and the state where its principal place of business is located.  28
13 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

14     11.    Caliber is a Delaware corporation with its principal place of business
15 in Texas.  (*See* Complaint ¶ 9).

16     12.    Because Plaintiff is a citizen of California and Caliber is a citizen of
17 Delaware and Texas, the parties are minimally diverse under 28 U.S.C.
18 § 1332(d)(2)(A).

19     13.    CAFA provides federal jurisdiction over class actions with at least 100
20 members of the putative class. The purported class consists of all persons whose
21 information was compromised by this incident. Complaint ¶ 21. The Complaint
22 does not allege a specific number of class members, however as outlined in the
23 Aubrey Declaration, Caliber provided notice of this incident to more than 140,000
24 individuals whose information was maintained by Caliber and could be affected by
25 this incident. *See* Aubrey Decl. ¶ 2.

26     14.    Thus, the Action satisfies CAFA's numerosity requirement.

27     15.    Additionally, the amount in controversy exceeds the $5,000,000
28 necessary to be removable under CAFA.  Where a complaint does not specify the

amount of damages sought, as in the Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. 28 U.S.C.A. § 1446(c)(2)(B). The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet this threshold. *Dart Cherokee*, 135 S. Ct. at 554. As outlined above, Plaintiffs seek to represent of all persons whose information was compromised by this incident. Complaint ¶ 21.

16.   Here, the Plaintiff seeks damages for himself and the class members for, *inter alia*, "[c]osts associated with the detection and prevention of identity theft and unauthorized use of their financial accounts." *Id.* ¶ 15. These damages alone aggregate to exceed $5,000,000. *See* 28 U.S.C. § 1332(d)(6). For instance, the three main national credit-reporting agencies, Equifax, TransUnion, and Experian, advertise monthly rates for credit-monitoring services ranging from $19.95 to $24.99 per person. *See* Persson Declaration ¶ 3.  Similarly, LifeLock offers an identity-theft protection product that includes $1,000,000 worth of identity-theft insurance for $29.99 per month per person. *Id.*  As such, choosing the least costly service at $19.95 per month for a mere two months for the 140,000 persons notified exceeds the $5,000,000 amount in controversy threshold under CAFA.

17.   The Complaint also alleges damages comprised of "[o]verpayments paid to Caliber for financial products and services purchased during or after the Breach in that a portion of the price for such products or services paid by the Class to Caliber was for the costs of Caliber providing reasonable and adequate safeguards and security measures to protect customers' financial and personal data." Complaint ¶ 15.  Of the affected population, approximately 80,000 individuals closed loans with Caliber, and the vast majority of those persons were charged loan origination fees.  The loan origination fees charged to these customers also exceed CAFA's $5,000,000 amount in controversy requirement. *See* Aubrey Decl. ¶¶ 3-4.

18. The Complaint also seeks to recover attorneys' fees, consequential damages in connection with the second cause of action, and restitution and other amounts in connection with its claims. (Complaint ¶¶ 39-41, 46-49, 55-56; Prayer for Relief ¶¶ 2-9); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir. 2001) (finding that attorneys' fees are properly included in the amount in controversy in a class action). These additional amounts sought, in conjunction with the other stated damages outlined above, only serve to put Plaintiff's claims further above the $5,000,000 threshold. Accordingly, more than the $5,000,000 amount in controversy required under CAFA, 28 U.S.C. § 1332(d)(2), is at issue here.

16. Because the Complaint in this matter was served on July 18, 2017, this Notice of Removal is timely within the period prescribed in 28 U.S.C. § 1446(b)(2)(B).

## II. CONCLUSION

18. For the reasons stated above, removal pursuant to 28 U.S.C. §§ 1441(b), 1446, and CAFA is appropriate.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of San Diego.

20. Pursuant to 28 U.S.C. §1446(d), Caliber is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel.

21. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Caliber are being filed with the Court contemporaneously with this Notice of Removal, as Exhibits A, B, C, and D to the Persson Declaration. By filing this Notice of Removal, Caliber does not waive any jurisdictional objection or other defenses available to it under the law.

22. The undersigned counsel for Caliber has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Caliber prays that the above action now pending against it in

1  the Superior Court of the State of California, County of San Diego, be removed to
2  this Honorable Court, and requests that this Court retain jurisdiction for all further
3  proceedings.

Dated: August 24, 2017

SPENCER PERSSON
MATTHEW D. SPOHN
**NORTON ROSE FULBRIGHT US LLP**


By  /s/ Spencer Persson
    SPENCER PERSSON
    Attorneys for Defendant
    CALIBER HOME LOANS, INC.