SPENCER PERSSON (BAR NO. 235054)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494
spencer.persson@nortonrosefulbright.com

MATTHEW D. SPOHN (Bar No. 269636)
**NORTON ROSE FULBRIGHT US LLP**
1225 Seventeenth Street
Denver, CO 80202
Telephone:  (303) 801-2700
Facsimile:  (303) 801-2777
matt.spohn@nortonrosefulbright.com

Attorneys for Defendant
CALIBER HOME LOANS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  **'17 CV 1718 LAB WVG**<br><br>**DECLARATION OF SPENCER PERSSON IN SUPPORT OF DEFENDANT CALIBER HOME LOANS, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed:  July 18, 2017 |

DOCUMENT PREPARED
ON RECYCLED PAPER

- 1 -

I, SPENCER PERSSON, declare as follows:

1.     I am a partner with the law firm of Norton Rose Fulbright US LLP, and counsel for Defendant Caliber Home Loans Inc. ("Caliber") in the above-captioned matter. I submit this declaration in support of Caliber's Notice of Removal. The facts contained in this declaration are true and correct, and they are based upon my personal and firsthand knowledge. If called upon to do so, I could and would testify competently to the facts contained herein.

2.     On or about July 18, 2017, Plaintiff Salam Razuki filed the state court action entitled *Salam Rakuzi v. Caliber Home Loans, Inc., et al.,* Case No. CIV 37-2017-00026373, from the Superior Court of the State of California, County of San Diego. A true and correct copy of the Complaint filed in the State Court Action and all process, pleadings, and orders served upon Caliber are attached hereto as Exhibits A, B, C, and D.

3.     I have performed a review of the prices advertised for various identity theft insurance and credit monitoring products available for retail purchase on the Internet. The exact monthly cost and features of these products differ slightly from product to product, but typical examples include the LifeLock Ultimate Plus product, available at $29.99 per month (https://www.lifelock.com/store), Equifax's CompletePremier Plan, available at $19.95 per month. (http://www.equifax.com/all-products), TransUnion's Credit Protection with Instant Alerts, available at $19.95 per month and Experian's CreditWorks Premium, available at between $24.99 per month, with the first month's cost discounted to $4.99 per month (http://www.experian.com/consumer-products/credit-monitoring.html).

DOCUMENT PREPARED
ON RECYCLED PAPER

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed this 21st day of August, 2017 in Los Angeles, California.

3                                                           w/permission
                                                                   SEM
4    _____

5                                            Spencer Persson

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Craig M. Nicholas, Esq. (SBN 178444) \| David G. Greco, Esq. (SBN 291785)<br>NICHOLAS & TOMASEVIC, LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 325-0492    FAX NO.: (619) 325-0496<br>ATTORNEY FOR (Name): Plaintiff, Salam Razuki | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**07/18/2017** at 03:17:12 PM<br><br>Clerk of the Superior Court<br>By Cecile Van Pelt,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Salam Razuki v. Caliber Home Loans, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2017-00026373-CU-BT-CTL<br><br>JUDGE: Judge Katherine Bacal<br><br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 4 - Const. Art. I, § 1; Bus. & Prof. Code, §17200; Civ. Code, §1798.80
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 18, 2017
David G. Greco, Esq. (SBN 299635)
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A**
**PAGE 4**

| JUL 2 5 2017

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/18/2017** at 03:17:12 PM
Clerk of the Superior Court
By Cecile Van Pelt,Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

CALIBER HOME LOANS, LLC, a Delaware limited liability company;
and DOES 1 through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

SALAM RAZUKI, individually and behalf of others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Hall of Justice

**CASE NUMBER:**
**(Número del Caso)** 37-2017-00026373-CU-BT-CTL

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
NICHOLAS & TOMASEVIC, 225 Broadway, 19th Floor, San Diego, CA 92101 (619) 325-0492

DATE: 07/18/2017
(Fecha)

Clerk, by _____C. Van Pelt_____, Deputy
(Secretario)      C. Van Pelt          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Caliber Home Loans INC, a Delaware

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other (specify):
4. ☒ by personal delivery on (date): JUL 2 5 2017

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**
**PAGE 5**

1    **NICHOLAS & TOMASEVIC, LLP**
      Craig M. Nicholas (SBN 178444)
2      Alex Tomasevic (SBN 245598)
      David G. Greco (SBN 299635)
3    225 Broadway, 19th Floor
     San Diego, California 92101
4    Tel: (619) 325-0492
     Fax: (619) 325-0492
5    Email: cnicholas@nicholaslaw.org
     Email: atomasevic@nicholaslaw.org
6    Email: dgreco@nicholaslaw.org

7    Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/18/2017** at 03:17:12 PM

Clerk of the Superior Court
By Cecile Van Pelt, Deputy Clerk

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 11   SALAM RAZUKI, individually and behalf of others similarly situated; | Case No.:  37-2017-00026373-CU-BT-CTL |
| 12 | **CLASS ACTION COMPLAINT FOR:** |
| 13        Plaintiff, | (1) **NEGLIGENCE;** |
|        vs. | |
| 14   CALIBER HOME LOANS, LLC a Delaware limited liability company; and DOES 1 through 100, inclusive, | (2) **VIOLATIONS OF THE RIGHT TO PRIVACY UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTION 1;** |
| 15 | |
| 16        Defendants. | (3) **UNFAIR BUSINESS PRACTICES, CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200,** *et seq.***;** |
| 17 | |
| 18 | (4) **VIOLATIONS OF THE CALIFORNIA INFORMATION PRACTICES ACT, CIVIL CODE § 1798.80,** *et seq.***; and** |
| 19 | |
| 20 | **DEMAND FOR JURY TRIAL** |
| 21 | |

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1    Plaintiff SALAM RAZUKI, individually and behalf of others similarly situated, brings this

2    action against Defendant CALIBER HOME LOANS, LLC and DOES 1 through 100, inclusive

3    (collectively ("Defendants"), and alleges on information and belief as follows:

4                            I.    **PARTIES**

5         1.    Plaintiff Salam Razuki is, and at all relevant times was, an individual residing in the

6    County of San Diego, California. He is an aggrieved customer of Defendant Caliber Home Loans,

7    LLC.

8         2.    Caliber Home Loans, LLC ("Caliber") is, and at all relevant times was, a Delaware

9    Limited Liability Company doing business in the State of California, including in the County of

10   San Diego.

11        3.    The true names and capacities—whether individual, corporate, associate, or

12   otherwise—of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff. Plaintiff

13   therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and

14   thereon alleges, that each of the Defendants designated as a DOE is responsible in some manner for

15   the events alleged, and caused injury and damages to Plaintiff as alleged.

16        4.    Each reference in this complaint to "Defendant," "Defendants," or a specifically

17   named Defendant refers also to all Defendants sued under fictitious names.

18        5.    At all times herein mentioned, each of the Defendants were the agents and

19   employees of each of the remaining Defendants and, in doing the things alleged, was at all times

20   acting within the purpose, course, and scope of said agency or employment with the knowledge,

21   consent, permission, and subsequent ratification of each of the other Defendants.

22                           II.   **JURISDICTION AND VENUE**

23        6.    The amount in controversy arising from the actions and statutory violations as

24   further described below is sufficient to implicate the general jurisdiction of the Superior Court in

25   San Diego County.

26        7.    Venue is proper in this judicial district, pursuant to Code of Civil Procedure section

27   395, as Defendants conduct business within San Diego County and many of the acts complained of

28   were carried out in, and/or their effects were felt in, San Diego County.

1

CLASS ACTION COMPLAINT

**EXHIBIT A**<br>**PAGE 7**

### III.   GENERAL ALLEGATIONS

8.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

9.   Prior to January 18, 2017, as part of a loan transaction or attempted loan transaction, Plaintiff provided Caliber with sensitive identifying information that Defendants required to process a loan application. This information includes—but is not limited to—his personal contact information, social security number, driver's license number, and information regarding Plaintiff's accounts at other financial institutions.

10.   Plaintiff provided this information to Defendants with the expectation that Defendants would create and maintain processes that protected the information from unauthorized use or disclosure. He also reasonably believed that Defendants would dispose of this information when its legitimate usefulness ceased.

11.   It is undisputed that, on or around January 18, 2017, unauthorized individuals gained access to Defendants' electronically-stored loan files, including documents containing personally-identifying information. The unauthorized individuals also obtained information that made it possible to access Defendants customers' online accounts. (Hereinafter, this event is referred to as the "Breach.")

12.   The information accessed included: social security numbers; driver's license numbers; military or other government ID numbers; dates of birth; financial account names, numbers, and statements; digital signatures and/or information that could be used to access a Class Members' online Defendants account or data storage sites; borrower submission data; health insurance information; and medical ID numbers. (This information is collectively referred to as "Confidential Customer Data.")

13.   After the above-mentioned breach, Plaintiff was informed that an unknown party attempted to make numerous fraudulent transactions in his name, including the opening of new credit accounts.

14.   Plaintiff has suffered emotional distress because of the stress of knowing his Confidential Customer Data was accessed by unauthorized users. He also spent time, energy, and funds attempting to remedy the wrongful disclosure and use of his data, including spending time

monitoring transactions in his name, cancelling wrongfully-opened accounts, and interacting with his banks to change or close accounts that presented the possibility of being compromised. Moreover, had Plaintiff known that Defendants maintained lax security protocols, Plaintiff would not have expended the time and resources associated with using Defendants to process his application(s).

15.    In all, the injuries suffered by Plaintiff and/or members of the Class as a direct result of the Breach include:

        a.    Unauthorized charges on their debit and credit card accounts;

        b.    Theft of their personal and financial information;

        c.    Costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;

        d.    Loss of use of and access to their account funds, and costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including decreased credit scores and adverse credit notations;

        e.    Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the breach;

        f.    The imminent and certainly impending injury flowing from potential fraud and identify theft posed by their credit card and personal information being placed in the hands of criminals and already misused via the sale of Consumer Plaintiffs' and Class members' information on the Internet card black market;

        g.    Damages to and diminution in value of their personal and financial information entrusted to Defendants for the sole purpose of purchasing financial products or

1   services from Defendants and with the mutual understanding that Defendants would safeguard

2   Plaintiff's and Class members' data against theft and not allow access and misuse of their data by

3   others;

4           h.     Overpayments paid to Caliber for financial products and services purchased

5   during or after the Breach in that a portion of the price for such products or services paid by the

6   Class to Caliber was for the costs of Caliber providing reasonable and adequate safeguards and

7   security measures to protect customers' financial and personal data, which Caliber did not do, and

8   as a result, Plaintiff and members of the Class did not receive what they paid for and were

9   overcharged by Caliber; and

10           i.     Continued risk to their financial and personal information, which remains in

11   the possession of Caliber and which is subject to further breaches so long as Caliber fails to

12   undertake appropriate and adequate measures to protect Plaintiff's and Class members' data in its

13   possession.

14       16.     Likewise, Plaintiff anticipates that he will suffer additional costs in the future to

15   further protect himself against wrongful use of his data, including additional tools for cybersecurity,

16   credit monitoring services, and other reasonable measures. Due to Defendants' acts, Plaintiff now

17   suffers an increased risk of future fraudulent charges and susceptibility to identify theft.

18       17.     On June 23, 2017—over five months after the breach—Defendants sent a letter to

19   its customers notifying them of the breach. Defendants also provided a sample version of this letter

20   to the State of California, Department of Justice, Office of the Attorney General. Plaintiff received

21   such a letter.

22                  IV.    **CLASS ALLEGATIONS**

23       18.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24       19.     Plaintiff brings this action on behalf of himself and all other similarly situated

25   persons as a class action pursuant to California Code of Civil Procedure section 382. The action is

26   also consistent with Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

27       20.     CLASS PERIOD. The Class Period shall be defined from January 1, 2017, to any such

28   time the court deems appropriate.

4

CLASS ACTION COMPLAINT

21. **CLASS DEFINITION.** The Class is defined as:

> *All persons whose Confidential Customer Data was compromised, in whole or in part, by the Breach.*

22. Members of the class will be collectively referred to as the "Class." The Class does not include (1) Defendants, their officers, and/or their directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

23. Plaintiff reserves the right to amend the above class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability, under Rule 3.765(b) of the California Rules of Court. This action has been brought and may be properly maintained as a class action under the provisions of California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

24. **NUMEROSITY:** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that Defendants have access to data sufficient to identify the customers whose Confidential Customer Data was wrongfully accessed by unauthorized users.

25. Plaintiff is informed, believes, and on that basis alleges that Defendants' records would provide information as to the number and location of all class members.

26. **ADEQUACY OF REPRESENTATION:** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys are highly experienced in consumer and employment class action litigation. Plaintiff intends to prosecute this action vigorously.

27. **COMMON QUESTIONS OF LAW AND FACT:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff's and the claims of the Class concerning:

1            a.   Whether Defendants violated California Constitution Article I, Section 1 in

2  their mismanagement of the Confidential Customer Data and allowance of the Breach;

3            b.   Whether Defendants violated California Civil Code section 1798.81 in their

4  management of the Confidential Customer Data and allowance of the Breach;

5            c.   Whether Defendants violated Civil Code section 1798.81.5 by failing to

6  properly enact sufficient security protocols;

7            d.   Whether Defendants violated Civil Code section 1798.82 by failing to timely

8  notify Class members that their information was compromised;

9            e.   Whether Class members may obtain injunctive relief under Civil Code

10  section 1798.84 or under Business and Professions Code sections 17200, *et seq.*;

11            f.   What security procedures Defendants must adopt to remedy the currently-

12  inadequate state of their security systems;

13            g.   What notification policies Defendants must adopt to ensure they timely

14  notify their customers of any future data breaches;

15            h.   Whether Defendants' conduct violates public policy;

16            i.   Whether Defendants have violated the laws asserted herein;

17            j.   Whether Plaintiff and the Class may recover monetary damages;

18            k.   Whether Plaintiff and the Class may obtain an order of restitution; and

19            l.   Whether Plaintiff and the Class may obtain injunctive relief.

20      28.    TYPICALITY: The claims of the Plaintiff are typical of the claims of all members of

21  the Class because Defendants failed to reasonably preserve and protect Plaintiff's and the Class's

22  Confidential Customer Data.

23      29.    SUPERIORITY OF A CLASS ACTION: A class action is superior to other available

24  means for the fair and efficient adjudication of this controversy. Individual joinder of all Class

25  members is not practicable, and questions of law and fact common to the Class predominate over

26  questions affecting only individual Class members. Each Class member has been damaged and is

27  entitled to recovery due to Defendants' conduct described in this Complaint. A class action will

28  allow those similarly situated to litigate their claims in the most efficient and economical manner

6
CLASS ACTION COMPLAINT

1    for the parties and the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in

2    this action that would preclude its maintenance as a class action.

3                          **V.**     **CAUSES OF ACTION**

4                        **FIRST CAUSE OF ACTION**
                              **NEGLIGENCE**

5    **AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF AND THE CLASS**

6        30.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

7        31.     Defendants owed Plaintiff and the Class a duty to maintain processes and procedures

8    that protect and ensure the confidentiality and protection from unauthorized use and disclosure of

9    private information, including the Confidential Customer Data. Defendants themselves

10    acknowledge this duty on their own websites, admitting that "[k]eeping [customer] information

11    secure and confidential is a very important responsibility of ours." *See*

12    https://caliberhomeloans.com/tools-resources/legal/security (last accessed July 18, 2017).

13        32.     Defendants breached their duty of care by (1) failing to create and/or maintain

14    sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or

15    compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly

16    and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly

17    dispose of the Confidential Customer Data when its legitimate usefulness ceased; and (4) failing to

18    properly remedy the breach by waiting over five months to notify customers of the breach, leaving

19    Plaintiff and the Class without the information they need to properly protect their finances, identity,

20    and privacy.

21        33.     Defendants knew, or should have known, that these failures would cause this

22    foreseeable harm that Plaintiff and the Class suffered.

23        34.     Defendants actually and proximately caused the damages that Plaintiff and the Class

24    suffered as a result of Defendants' breach of duty.

25    [*rest of page intentionally left blank*]

26

27

28

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE RIGHT TO PRIVACY**
**UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTION 1**
**AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF AND THE CLASS**

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

36. The California Constitution states:

> *All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.*

37. California has enacted numerous laws that exemplify this right, including the Information Practices Act of 1977 (Civ. Code, § 1798, *et seq.*), the Confidentiality of Social Security Numbers (Civ. Code, § 1798.85, *et seq.*), and California Code of Regulations, Title 5, Sections 42396-42396.5.

38. Defendants violated Plaintiff's and the Class's right to privacy by (1) failing to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; and (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy.

39. Plaintiff and the Class have suffered injury in fact as a direct result of Defendants' failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial.

40. Plaintiff and the Class also seek injunctive relief including, but not limited to: (1) ordering that Defendants utilize strong industry standard encryption algorithms for encryption keys that provide access to stored personal data; (2) ordering that Defendants implement the use of encryption keys in accordance with industry standards; (3) ordering that Defendants, consistent with industry standard practices, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests and

1   audits on Defendants' systems on a periodic basis; (4) ordering that Defendants engage third party

2   security auditors and internal personnel, consistent with industry standard practices, to run

3   automated security monitoring; (5) ordering that Defendants audit, test and train its security

4   personnel regarding any new or modified procedures; (6) ordering that Defendants, consistent with

5   industry standard practices, segment personal data by, among other things, creating firewalls and

6   access controls so that if one area of Defendants' systems is compromised, hackers cannot gain

7   access to other portions of Defendants' systems; (7) ordering that Defendants purge, delete, destroy

8   in a reasonably secure manner personal data not necessary for its provisions of services; (8) ordering

9   that Defendants, consistent with industry standard practices, conduct regular database scanning and

10   security checks; (9) ordering that Defendants, consistent with industry standard practices, evaluate

11   web applications for vulnerabilities to prevent web application threats; and (10) ordering that

12   Defendants, consistent with industry standard practices, periodically conduct internal training and

13   education to inform internal security personnel how to identify and contain a breach when it occurs

14   and what to do in response to a breach.

15       41.     Plaintiff further requests that the Court order Defendants to notify all members of

16   the Class who have not yet been informed of the data breach, and to notify affected persons of any

17   future data breaches by email within twenty-four hours of Defendants' discovery of the breach or

18   possible breach, and to do the same by mail within five business days.

19   

**THIRD CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES,**

20   **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.*
**AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF AND THE CLASS**

21   

22       42.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23       43.     Business & Professions Code section 17200 prohibits any "unlawful, unfair, or

24   fraudulent business act or practice. . . ." As discussed above, Defendants violated this code.

25       44.     Specifically, Defendants violated Business & Professions Code section 17200 by

26   (1) failing to create and/or maintain sufficient security systems or protocols to prevent the

27   unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential

28   Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the

9

CLASS ACTION COMPLAINT

original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy; and (5) by failing to comply with laws applicable to the management of the Confidential Customer Data.

45.     Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

46.     Plaintiff and the Class have suffered injury in fact as a direct result of Defendants' failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial.

47.     Plaintiff and the Class also seek injunctive relief as described above.

48.     Plaintiff and the Class also seek an order mandating Defendants create new notification practices, as described above.

49.     Additionally, pursuant to Business & Professions Code section 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices.

## FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA INFORMATION PRACTICES ACT
### CIVIL CODE §§ 1798.80, *et seq.*
### AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF AND THE CLASS

50.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

51.     The Legislature enacted the Information Practices Act of 1977 because:

(a) The right of privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies.

(b) The increasing use of computers and other sophisticated information technology has greatly magnified the potential risk to individual privacy that can occur from the maintenance of personal information.

> (c) In order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits.

(Civ. Code, § 1798.1.)

52. Defendants violated Civil Code section 1798.81.5 by (1) failing to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; and (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy.

53. Civil Code sections 1798.81.5 and 1798.82 authorize the Court to enjoin Defendants from further and/or continuing violations.

54. Plaintiff and the Class have suffered injury in fact as a direct result of Defendants' failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial.

55. Plaintiff and the Class also seek injunctive relief as described above.

56. Plaintiff and the Class also seek an order mandating Defendants create new notification practices, as described above.

## VI.   PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants, on behalf of himself and the Class, as follows:

1. For an order certifying the class as described herein;

2. For compensatory damages according to proof;

3. For enhanced damages and civil penalties as permitted under California law;

4. For pre-judgment and post-judgment interest where allowable;

5. For costs of suit;

6. For injunctive relief, as described herein;

7.    For restitution;

8.    For punitive damages, where appropriate;

9.    For reasonable attorneys' fees; and

10.   For such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff requests a jury on all triable issues.


Respectfully submitted:                    **NICHOLAS & TOMASEVIC, LLP**


Dated: July 18, 2017          By:

Craig M. Nicholas
**Alex Tomasevic**
David G. Greco

**Attorneys for Plaintiff**

12
**CLASS ACTION COMPLAINT**

**EXHIBIT B**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Craig M. Nicholas, Esq. (SBN 178444)  |  David G. Greco, Esq. (SBN 299635) NICHOLAS & TOMASEVIC, LLP 225 Broadway, Floor 19, San Diego, CA 92101 | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego |

TELEPHONE NO.:(619) 325-0492        FAX NO.(Optional): (619) 325-0496

ATTORNEY FOR (Name): Plaintiff, Salam Razuki

**07/20/2017** at 08:37:00 AM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., SUITE 1000, VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S) Salam Razuki | JUDGE Hon. Katherine Bacal |
|---|---|
| DEFENDANT(S) Caliber Home Loans, LLC, et al. | DEPT C-69 |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER 37-2017-00026373-CU-BT-CTL |

**Under Code Civ. Proc. § 474:**
**FICTITIOUS NAME (Court order required once case is at issue)**

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated defendant in the complaint by the fictitious name of

_____

and having discovered the true name of defendant to be

_____

amends the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint.

Date: _____          _____

Signature

**Under Code Civ. Proc. § 473:**
**NAME - Add or Correct (Court order required)**

Plaintiff(s), having designated    ☒ defendant    ☐ plaintiff in the complaint by the name of
CALIBER HOME LOANS, LLC, a Delaware limited liability company,

and having discovered    ☒ name to be incorrect and the correct name is    ☐ defendant also uses the name of
CALIBER HOME LOANS, INC., a Delaware corporation,

amends the complaint by    ☒ substituting    ☐ adding such name(s) wherever the name of
CALIBER HOME LOANS, LLC, a Delaware limited liability company,

appears in the complaint.

Date: July 20, 2017          _____

Signature

_____

**ORDER**

The above amendment to the complaint is allowed.

Date: _____07/21/2017_____          _____

Judge Katherine Bacal

Judge/Commissioner of the Superior Court

**EXHIBIT B**
**PAGE 19**

**EXHIBIT C**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:       330 W Broadway
MAILING ADDRESS:      330 W Broadway
CITY AND ZIP CODE:    San Diego, CA 92101-3827
BRANCH NAME:          Central
TELEPHONE NUMBER:     (619) 450-7069

PLAINTIFF(S) / PETITIONER(S):      Salam Razuki

DEFENDANT(S) / RESPONDENT(S):  Caliber Home Loans LLC

RAZUKI VS CALIBER HOME LOANS LLC [EFILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2017-00026373-CU-BT-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Katherine Bacal                                    Department: C-69

**COMPLAINT/PETITION FILED: 07/18/2017**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 02/09/2018 | 10:00 am | C-69 | Katherine Bacal |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE:  Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS:  Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**EXHIBIT C**
**PAGE 20**

**EXHIBIT D**

SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

Register of Actions Notice

| | | | |
|---|---|---|---|
| Case Number: | 37-2017-00026373-CU-BT-CTL | Filing Date: | 07/18/2017 |
| Case Title: | Razuki vs Caliber Home Loans LLC [EFile] | Case Age: | 37 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Katherine Bacal |
| Case Type: | Business Tort | Department: | C-69 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 02/09/2018 | 10:00 AM | C-69 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| Caliber Home Loans, Inc. | Defendant | |
| Razuki, Salam | Plaintiff | Nicholas, Craig M |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| NICHOLAS, CRAIG M | NICHOLAS & TOMASEVIC LLP 225 Broadway 19th Floor San Diego CA 92101 | (619) 325-0492 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 07/18/2017 | Complaint filed by Razuki, Salam. Refers to: Caliber Home Loans, Inc. | Razuki, Salam (Plaintiff) |
| 2 | 07/18/2017 | Civil Case Cover Sheet filed by Razuki, Salam. Refers to: Caliber Home Loans, Inc. | Razuki, Salam (Plaintiff) |
| 3 | 07/18/2017 | Original Summons filed by Razuki, Salam. Refers to: Caliber Home Loans, Inc. | Razuki, Salam (Plaintiff) |
| 4 | 07/19/2017 | Summons issued. | |
| 5 | 07/18/2017 | Case assigned to Judicial Officer Bacal, Katherine. | |
| 6 | 07/19/2017 | Civil Case Management Conference scheduled for 02/09/2018 at 10:00:00 AM at Central in C-69 Katherine Bacal. | |
| 7 | 07/19/2017 | Case initiation form printed. | |
| 8 | 07/20/2017 | Amendment to Complaint filed by Razuki, Salam. Refers to: Caliber Home Loans, Inc. | Razuki, Salam (Plaintiff) |
| 9 | 07/31/2017 | Proof of Service of 30-day Summons & Complaint - Personal filed by Razuki, Salam. Refers to: Caliber Home Loans, Inc. | Razuki, Salam (Plaintiff) |

**EXHIBIT D**
**PAGE 21**