# EXHIBIT A

# NICHOLAS & TOMASEVIC LLP

ATTORNEYS AT LAW

Tel: 619-325-0492                      225 Broadway, 19th Floor
Fax: 619-325-0496                      San Diego, CA 92101

August 17, 2017

**Via Certified Mail**
**Return Receipt Requested**

Caliber Home Loans, Inc.
c/o C T Corporation System
818 West 7th Street, Ste. 930
Los Angeles, CA 90017

      **Re:**    *Razuki v. Cailber Home Loans, Inc.*

To Whom It May Concern:

      This letter constitutes notice under the California Consumer Legal Remedies Act of your violations of the Act, and of our demand that you remedy such violations with 30 days of your receipt of this letter. We represent Salam Razuki ("Plaintiff") and all other consumers similarly-situated in a class action against Caliber Home Loans, LLC and its related entities ("Defendants"). It is undisputed that, on or around January 18, 2017, unauthorized individuals gained access to Defendants' electronically-stored loan files, including documents containing personally-identifying information. The unauthorized individuals also obtained information that made it possible to access Defendants customers' online accounts. (Hereinafter, this event is referred to as the "Breach.")

      Prior to January 18, 2017, as part of a loan transaction or attempted loan transaction, Plaintiff provided Caliber with sensitive identifying information that Defendants required to process a loan application. This information includes—but is not limited to—his personal contact information, social security number, driver's license number, and information regarding Plaintiff's accounts at other financial institutions.

      Plaintiff provided this information to Defendants with the expectation that Defendants would create and maintain processes that protected the information from unauthorized use or disclosure. He also reasonably believed that Defendants would dispose of this information when its legitimate usefulness ceased.

      The information accessed included: social security numbers; driver's license numbers; military or other government ID numbers; dates of birth; financial account names, numbers, and

*Razuki v. Caliber Home Loans, Inc.*
August 21, 2017
Page 2

_____

statements; digital signatures and/or information that could be used to access a Class Members' online Defendants account or data storage sites; borrower submission data; health insurance information; and medical ID numbers. (This information is collectively referred to as "Confidential Customer Data.")

After the above-mentioned breach, Plaintiff was informed that an unknown party attempted to make numerous fraudulent transactions in his name, including the opening of new credit accounts.

Plaintiff has suffered emotional distress because of the stress of knowing his Confidential Customer Data was accessed by unauthorized users. He also spent time, energy, and funds attempting to remedy the wrongful disclosure and use of his data, including spending time monitoring transactions in his name, cancelling wrongfully-opened accounts, and interacting with his banks to change or close accounts that presented the possibility of being compromised. Moreover, had Plaintiff known that Defendants maintained lax security protocols, Plaintiff would not have expended the time and resources associated with using Defendants to process his application(s).

In all, the injuries suffered by Plaintiff and/or members of the Class as a direct result of the Breach include:

- Unauthorized charges on their debit and credit card accounts;
- Theft of their personal and financial information;
- Costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;
- Loss of use of and access to their account funds, and costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including decreased credit scores and adverse credit notations;
- Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the breach;
- The imminent and certainly impending injury flowing from potential fraud and identify theft posed by their credit card and personal information being placed in the hands of criminals and

*Razuki v. Caliber Home Loans, Inc.*
August 21, 2017
Page 3

_____

- already misused via the sale of Consumer Plaintiffs' and Class members' information on the Internet card black market;

- Damages to and diminution in value of their personal and financial information entrusted to Defendants for the sole purpose of purchasing financial products or services from Defendants and with the mutual understanding that Defendants would safeguard Plaintiff's and Class members' data against theft and not allow access and misuse of their data by others;

- Overpayments paid to Caliber for financial products and services purchased during or after the Breach in that a portion of the price for such products or services paid by the Class to Caliber was for the costs of Caliber providing reasonable and adequate safeguards and security measures to protect customers' financial and personal data, which Caliber did not do, and as a result, Plaintiff and members of the Class did not receive what they paid for and were overcharged by Caliber; and

- Continued risk to their financial and personal information, which remains in the possession of Caliber and which is subject to further breaches so long as Caliber fails to undertake appropriate and adequate measures to protect Plaintiff's and Class members' data in its possession.

Likewise, Plaintiff anticipates that he will suffer additional costs in the future to further protect himself against wrongful use of his data, including additional tools for cybersecurity, credit monitoring services, and other reasonable measures. Due to Defendants' acts, Plaintiff now suffers an increased risk of future fraudulent charges and susceptibility to identify theft.

On June 23, 2017—over five months after the breach—Defendants sent a letter to its customers notifying them of the breach. Defendants also provided a sample version of this letter to the State of California, Department of Justice, Office of the Attorney General. Plaintiff received such a letter.

Defendants' misrepresentations also constitute violations of California Business and Professions Code Section 17200.  Moreover Defendants have violated the consumer protection statutes of other states, and this letter is intended to provide you notice of those violations as well.

Pursuant to California Civil Code Section 1782, we hereby demand on behalf of our client and all others similarly situated in California that Defendants immediately correct and rectify this violation of California Civil Code Section 1770 by ceasing its misrepresentations in its security procedures, and by engaging in an appropriate corrective campaign.

*Razuki v. Caliber Home Loans, Inc.*
August 21, 2017
Page 4
_____

In addition, California Civil Code Section 1780(b) provides in part that: "Any consumer who is a senior citizen or a disabled person, as defined in subdivision (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedied specified therein, up to five thousand dollars…"

Defendants' violations include:

- Misrepresentation of the quality of Defendants' data security practices in violation of Civil Code section 1770(a)(7);
- Misrepresentation that Defendants' data security practices had particular characteristics when in fact they did not, in violation of Civil Code section 1770(a)(5);
- Deceptively advertising that Defendants' data security procedures would sufficiently satisfy the demand for secure processing of consumer data, in violation of Civil Code section 1770(a)(10); and
- Misrepresentation that the loan transactions and other banking transactions it processes conferred and protected consumers' right to privacy in their data, in violation of Civil Code section 1770(a)(14).

Mr. Razuki will, after thirty days from the date of this letter, amend his Complaint without leave of Court, as permitted by California Civil Code section 1782, to include claims for actual and punitive damages (as appropriate) if a full and adequate response to this letter is not received.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code section 1782(c):

(1)   Utilize strong industry standard encryption algorithms for encryption keys that provide access to stored personal data;

(2)   Implement the use of encryption keys in accordance with industry standards;

(3)   Consistent with industry standard practices, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests and audits on Defendants' systems on a periodic basis;

(4)   Engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring;

(5)   Audit, test and train its security personnel regarding any new or modified procedures;

*Razuki v. Caliber Home Loans, Inc.*
August 21, 2017
Page 5
_____

(6)     Consistent with industry standard practices, segment personal data by, among other things, creating firewalls and access controls so that if one area of Defendants' systems is compromised, hackers cannot gain access to other portions of Defendants' systems;

(7)     Purge, delete, destroy in a reasonably secure manner personal data not necessary for its provisions of services;

(8)     Consistent with industry standard practices, conduct regular database scanning and security checks;

(9)     Consistent with industry standard practices, evaluate web applications for vulnerabilities to prevent web application threats; and

(10)    Consistent with industry standard practices, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. We anticipate that all emails, letters, reports, internal corporate instant messages, and records that relate to your products will be sought in the discovery process. You must inform any and all employees, contractors, and third-party agents to preserve all such relevant information. I look forward to your response.

Sincerely,
**NICHOLAS & TOMASEVIC, LLP**

David G. Greco