1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SPENCER PERSSON (BAR NO. 235054)
SARAH MOSES (BAR NO. 291491)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:   (213) 892-9200
Facsimile:   (213) 892-9494
spencer.persson@nortonrosefulbright.com
sarah.moses@nortonrosefulbright.com

Attorneys for Defendant
CALIBER HOME LOANS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC, a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-01718-LAB-WVG<br><br>Assigned to the Honorable<br>Larry Alan Burns<br><br>**DEFENDANT CALIBER HOME LOANS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date:   February 26, 2018<br>Time:               11:30 a.m.<br>Courtroom:      14A<br><br>Complaint Filed:   July 18, 2017<br>Removed:            August 24, 2017 |

Case No.: 3:17-cv-01718-LAB-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

DEFENDANT CALIBER HOME LOANS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................ 1

II.    SUMMARY OF ALLEGATIONS ................................................................ 2

III.   PLAINTIFF CANNOT ESTABLISH STANDING ....................................... 3

    A.   Plaintiff Fails To Allege Any Injury In Fact.......................................... 4

    B.   Plaintiff Fails To Allege That Caliber Caused Any Purported Injury Suffered By Plaintiff. .................................................................. 8

IV.    EACH OF PLAINTIFF'S INDIVIDUAL CLAIMS FAIL ............................. 9

    A.   Plaintiff's Negligence Claim Fails Because There is No Breach and There Is No Injury. ..................................................................... 10

    B.   There Is No Legal Basis for Plaintiff's Claim of a Violation of the Right to Privacy Under California Constitution Article 1, Section 1................................................................................................ 11

    C.   Plaintiff's UCL Claim Fails Because There is No Underlying Legal Violation Or Allegation That Shows That Caliber Has Acted in an Unfair or Fraudulent Manner. .......................................... 13

    D.   Plaintiff Fails to State a Claim Under the CRA Because He Failed to Allege Any Concrete Injury or Sufficient Facts to Support the Claim. ............................................................................... 14

    E.   Plaintiff Fails to State a Claim Under the CLRA Because Caliber Did Not Provide The Requisite Goods or Services. ............. 16

V.     CONCLUSION............................................................................................ 18

DOCUMENT PREPARED
ON RECYCLED PAPER

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Adobe Sys., Inc. Privacy Litig.*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014) ............................................................. 5, 15

*Antman v. Uber Technologies, Inc.*,
2015 WL 6123054 (N.D. Cal. 2015) ...................................................................... 9

*Ariz. Christian Sch. Tuition Org. v. Winn*,
563 U.S. 125 (2011) ............................................................................................... 3

*Ashcroft v. Iqbal*,
129 S. Ct. 1937, 1949 (2009) ....................................................................... 10, 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, (2007) .................................................................................... 10, 15

*Belluomini v. Citigroup, Inc.*,
2013 WL 3855589 (N.D. Cal. 2013) ............................................................ 12, 13

*Buckland v. Threshold Enterprises, Ltd.*,
155 Cal. App. 4th 798 (2007) ....................................................................... 16, 17

*Cahen v. Toyota Motor Corp.*,
147 F. Supp. 3d 955 (N.D. Cal. 2015) ................................................................... 9

*Clapper v. Amnesty Int'l USA*,
133 S. Ct. 1138 (2013) ................................................................................. 4, 7, 9

*Corona v. Sony Pictures Entm't, Inc.*,
2015 WL 3916744 (C.D. Cal. 2015) ..................................................................... 5

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
2016 WL 6523428 (S.D. Cal. 2016) ............................................................. 12, 13

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011) ................................................................................. 3

*Fernandez v. Leidos, Inc.*,
127 F. Supp. 3d 1078 (E.D. Cal. 2015) ................................................................. 9

DOCUMENT PREPARED
ON RECYCLED PAPER

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
   28 U.S. 167 (2000) ............................................................................ 6

*Gest v. Bradbury*,
   443 F.3d 1177 (9th Cir. 2006) ......................................................... 3

*Greenfield MHP Assocs., L.P. v. Ametek, Inc.*,
   145 F. Supp. 3d 1000 (S.D. Cal. 2015) ...................................... 9, 10

*Hammond v. Bank of New York Mellon Corp.*,
   2010 WL 2643307 (S.D.N.Y. 2010) ................................................ 5

*Hill v. Nat'l Collegiate Athletic Assn.*,
   7 Cal. 4th 1 (1994)......................................................................... 12

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012)............................... 12, 13, 17

*Johnson v. Riverside Healthcare Sys. LP*,
   534 F.3d 1116 (9th Cir. 2008) ....................................................... 10

*Kunert v. Mission Fin. Servs. Corp.*,
   110 Cal. App. 4th 242 (2003)......................................................... 13

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011).............................................................. 14, 16

*Ladd v. County of San Mateo*,
   12 Cal. 4th 913 (1996)................................................................... 10

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................. 3, 4, 7

*Plante v. Gonzalez*,
   575 F.2d 1119 (5th Cir. 1978)........................................................ 12

*Princess Cruise Lines, Ltd. v. Sup. Ct.*,
   179 Cal. App. 4th 36 (2009) .......................................................... 17

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011) .......................................................... 4, 5

*Robins v. Spokeo, Inc.*,
   867 F.3d 1108 (9th Cir. 2017)...................................................... 4, 7

DOCUMENT PREPARED
ON RECYCLED PAPER

- iii -                  Case No.: 3:17-cv-01718-LAB-WVG

*Ruiz v. Gap, Inc.*
   540 F. Supp. 2d 1121 (N.D. Cal. 2008)..........................................................12, 13

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) ...................................................10, 11, 14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) ...................................................................5

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) .........................................................................................4

*Stollenwerk v. Tri-W. Health Care All.*,
   254 F. App'x 664 (9th Cir. 2007) .........................................................................8

*Torres v. Wendy's Co.*,
   195 F. Supp. 3d 1278 (M.D. Fla. 2016) ..............................................................6

*Tyler v. Cuomo*,
   236 F.3d 1124 (9th Cir. 2000) .............................................................................8

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*
   454 U.S. 464 (1982) .............................................................................................3

## Constitutions, Rules and Statutes

Cal. Const. art. 1 § 1 .......................................................................................9, 11

Cal. Civ. Code § 1750.....................................................................................9, 16

Cal. Civ. Code § 1761...................................................................................16, 17

Cal. Civ. Code § 1770.........................................................................................16

Cal. Civ. Code § 1780.........................................................................................16

Cal. Civ. Code § 1798.80.................................................................................9, 14

Cal. Civ. Code § 1798.81.5 ................................................................................14

Cal. Civ. Code § 1798.82(a) ...............................................................................15

Cal. Civ. Code § 1798.84(b) .........................................................................14, 15

DEFENDANT CALIBER HOME LOANS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Cal. Bus. & Prof. Code § 17200 ................................................................................9

Fed. R Civ. P. 12(b)(1)  .................................................................................2, 4, 9

Fed. R Civ. P. 12(b)(6)  ...................................................2, 9, 10, 11, 13, 14, 16, 18

DEFENDANT CALIBER HOME LOANS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

DOCUMENT PREPARED
ON RECYCLED PAPER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Salam Razuki's ("Plaintiff") Second Amended Complaint ("Complaint") alleges five causes of action, all based on the allegation that defendant Caliber Home Loans, Inc. ("Caliber") failed to adequately protect customer information within "electronically-stored loan files." (*See, e.g.*, Complaint ¶¶ 13, 15, 38, 49, 55, 63, 71). Although Caliber was the victim of a data security incident and provided notice to those individuals whose information could potentially be affected, the fact that such an incident occurred does not, without more, provide Plaintiff with an actionable claim. Nowhere in the Complaint does Plaintiff allege that he or any other class member has suffered any specific, concrete injury as a result of this incident. Plaintiff has instead applied generic labels and conclusions about the incident in an attempt to circumvent the Court's pleading requirements. As such, Plaintiff has not alleged any damage or injury tied to Caliber, and therefore cannot establish standing. For this reason alone, Plaintiff's Complaint must be dismissed.

Even absent this fundamental standing deficiency, Plaintiff has failed to allege any valid cause of action. Plaintiff's negligence claim fails because the Complaint fails to establish that Caliber breached any duty and, even if, *arguendo*, a duty existed and it was breached, the Complaint does not allege that Caliber's purported breach caused him any harm. Plaintiff's privacy claim fails to allege any intentional conduct, which is necessary to support such a claim. Likewise, Plaintiff's Unfair Competition Law claim fails because he fails to allege any underlying violation of law or demonstration of an injury in fact. Plaintiff's Customer Records Act claim fails because the Complaint lacks the requisite showing that the incident proximately caused any harm and lacks the factual information necessary to support such a claim. Finally, Plaintiff's Consumer Legal Remedies Act claim fails because (1) Caliber does not provide a "good" or

"service" as defined under the statute, (2) the Complaint does not establish that the incident proximately caused any harm necessary to support such a claim, and (3) Plaintiff does not claim to have read or relied on any allegedly misleading statement made by Caliber.

As a result of these many deficiencies, Plaintiff's Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   <u>SUMMARY OF ALLEGATIONS</u>

Plaintiff alleges that on or around January 18, 2017, unauthorized individuals gained access to Caliber's electronically-stored loan files, including documents containing personally-identifying information. Complaint ¶¶ 13, 15. Plaintiff claims that he and the other purported class members are individuals whose information was compromised, in whole or in part, by this incident. *See id.* ¶ 28.

Plaintiff vaguely alleges that, sometime after January 18, 2017, he "was informed that an unknown party attempted to make numerous fraudulent transactions in his name," and states, without any support, that these attempts were "proximately caused by [Caliber's] actions and/or failure to act." *Id.* ¶ 16. Plaintiff has not alleged any facts that would tie this attempt to Caliber. Plaintiff further contends that he "suffered emotional distress" and "spent time, energy, and funds attempting to remedy the wrongful disclosure and use of his data, including spending time monitoring transactions in his name, cancelling wrongfully-opened accounts, and interacting with his banks to change or close accounts that presented the possibility of being compromised." *Id.* ¶ 18.

Plaintiff additionally alleges that Caliber "fail[ed] to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data"; "fail[ed] to promptly and/or adequately mitigate . . . damages"; "fail[ed] to properly dispose of the Confidential Customer Data"; and "fail[ed] to properly

DOCUMENT PREPARED
ON RECYCLED PAPER

remedy the breach" based on the timing of its notification. *See, e.g.*, *id*. at ¶ 39.

Finally, Plaintiff alleges that Caliber made misrepresentations about its data security practices and procedures. *See id.* at ¶ 71.

Plaintiff seeks compensatory damages, statutory civil penalties and enhanced damages, restitution, punitive damages, attorney fees and costs, and injunctive relief on behalf of himself and a class. (*See, e.g.*, Complaint ¶¶ 50-51, 58-60, 66-67; Prayer for Relief ¶¶ 2-9).

## III.   PLAINTIFF CANNOT ESTABLISH STANDING

Plaintiff bears the burden of demonstrating his standing to invoke the subject matter jurisdiction of the federal courts. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *see generally Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 146 (2011) ("[I]n an era of frequent litigation [and] class actions, . . . courts must be more careful to insist on the formal rules of standing, not less so."). To meet this burden, he must plead sufficient facts to establish the "irreducible constitutional minimum" of Article III standing: injury in fact, causation, and redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff must, himself, satisfy these requirements with well-pleaded allegations. He may not rely upon injuries to unnamed members of the putative class to establish his own standing to bring suit. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011). Nor can he establish his standing with conclusory allegations. *See Lujan*, 504 U.S. at 561 ("Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).

DOCUMENT PREPARED
ON RECYCLED PAPER

### A.   Plaintiff Fails To Allege Any Injury In Fact.

First, Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has not suffered any concrete and particularized injury. Without such an injury, there is no case or controversy, and the court lacks subject matter jurisdiction.

The United States Supreme Court has determined that for a plaintiff to establish standing in a data breach case "allegations of possible future injury are not sufficient"; instead, the plaintiff must demonstrate actual or "certainly impending" injury based on more than assumptions. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (internal quotation marks omitted). *Clapper* specifically rejected the argument that injury-in-fact could be based on an "objectively reasonable likelihood" of future harm, and the holding cautions lower courts against "endors[ing] standing theories that rest on speculation about the decisions of independent actors." *Id*. at 1150.

In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), an appeal from the Ninth Circuit, the Supreme Court elaborated on the first prong of the standing test. The court explained that "the injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete *and* particularized,'" and reversed the Ninth Circuit's decision because it had not analyzed both requirements. *Id*. at 1545 (emphasis in original). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. at 1548. "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*., *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). On remand, the Ninth Circuit explained that, even where a particularized interest exists, as part of the standing analysis, the Court must determine whether a purported violation "actually harm[s], or at least . . . actually create[s] a 'material risk of harm' to, th[e] interest." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1115 (9th Cir. 2017).

The majority of federal courts have dismissed "data breach" cases for lack of

- 4 -

DOCUMENT PREPARED
ON RECYCLED PAPER

standing when a plaintiff alleges an increased risk of identity theft, but not actual identity theft or fraud. *See, e.g.*, *Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d Cir. 2011) (affirming district court's dismissal of plaintiffs' complaint regarding hacked payroll data because "no evidence suggests that the data has been – or will ever be – misused"); *Hammond v. Bank of New York Mellon Corp.,* 2010 WL 2643307 (S.D.N.Y. 2010) (dismissing complaint due to absence of allegations of actual identity theft relating to bank's loss of back-up tapes containing customers' personal information). In this Circuit, recent cases involving data stolen in a cyber-attack have upheld standing, but only where plaintiffs' personal information was used to perpetrate identify theft, fraud, or targeted harassment. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942 (S.D. Cal. 2014) (motion to dismiss denied where complaint alleged that data breach resulted in several named plaintiffs experiencing unauthorized charges on their credit cards); *Corona v. Sony Pictures Entm't, Inc.*, 2015 WL 3916744 (C.D. Cal. 2015) (motion to dismiss denied where complaint alleged that information had been posted on file sharing sites and was used to send threatening emails to former employees); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197 (N.D. Cal. 2014) (motion to dismiss denied where complaint alleged that plaintiffs' personal information had been posted on hackers' online forum).

Here, Plaintiff does not allege any of the specific harm that courts in this Circuit have found to create standing. The Complaint refers to four different types of injuries that Plaintiff appears to believe could have resulted from or could still result from this incident: (1) "Plaintiff was informed that an unknown party attempted to make numerous fraudulent transactions in his name"; (2) Plaintiff "spent time, energy, and funds attempting to remedy the wrongful disclosure and use of his data"; (3) overpayments were made to Caliber for financial products and services; and (4) a risk of future harm, including unauthorized charges and associated expenses, an unexplained diminution in value of their personal and

Document Prepared on Recycled Paper

Case No.: 3:17-cv-01718-LAB-WVG

DEFENDANT CALIBER HOME LOANS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

financial information, and a hypothetical future risk to information and of identity theft and any potential associated expenses. *See* Complaint ¶¶ 16-17, 22. None of these allegations are sufficient to create standing.

First, Plaintiff's general allegations of "fraudulent transactions" are insufficient to establish injury in fact. Plaintiff states only that he "was informed that an unknown party attempted to make numerous fraudulent transactions" and does not allege facts indicating whether or not any "fraudulent transactions" reported to him actually occurred, nor does he allege any facts indicating that he personally sustained such injuries or that they are certainly impending as a result of the incident. *See* Complaint ¶ 15. Further, even assuming that any such attempted transactions were successful, Plaintiff does not allege any facts about whether he was reimbursed for any such transaction or that he actually suffered any economic loss as a result, which federal Courts have found as insufficient to establish injury-in-fact. *Id.*; *see also, e.g.*, *Torres v. Wendy's Co.*, 195 F. Supp. 3d 1278, 1283 (M.D. Fla. 2016) ("Plaintiff has not alleged that the two fraudulent charges went unreimbursed by his credit union and has experienced no additional actual harm since then. Following *Resnick* and the majority of district courts that have addressed this issue, the Court finds that Plaintiff has not alleged that he experienced actual harm sufficient to establish injury-in-fact."). The complaint instead offers only vague references to "attempted . . . fraudulent transactions " and "injuries" suffered by Plaintiff and the putative class. *See, e.g.*, Complaint. ¶¶ 16, 22. But these are no more than "conclusory allegations" and "general averments" that are inadequate to establish standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 184 (2000) (citations omitted).

Second, the Complaint does not contain specific allegations that Plaintiff personally incurred any expenses in responding to the incident. The Complaint does refer to Plaintiff spending "time, energy, and funds attempting to remedy the wrongful disclosure and use of his data," but then alleges only general facts

- 6 -

DOCUMENT PREPARED ON RECYCLED PAPER

suggesting that Plaintiff "spen[t] time" monitoring and cancelling accounts and "interacting with his banks," but provides no detail whatsoever about incurring any expense. *See* Complaint ¶¶ 16-18. This type of non-specific allegation does not demonstrate injury in fact. *See, e.g., Robins v. Spokeo, Inc.*, 867 F.3d at 1112, 1116; *Lujan*, 504 U.S. at 561.

Third, Plaintiff references "overpayments" made to Caliber, but nowhere in the Complaint does he identify that he paid anything to Caliber. *See* Complaint ¶ 22. Thus, even taking the Complaint's allegations at their face, Plaintiff has failed to establish that he has made any such "overpayment."

Fourth, Plaintiff does not allege that he faces any "certainly impending" future harm as a result of the incident. Instead, the Complaint makes only general, conclusory allegations about potential future risks and then states, with no factual support, that the risk presented by this incident "is immediate and very real." These allegations are insufficient to establish standing. Under *Spokeo* and the other Circuit cases outlined above, Plaintiff's purported injury is not concrete and actual or imminent. *See generally Clapper*, 133 S. Ct. at 1147 (2013) (holding that a future injury must be "certainly impending" to support standing and that "allegations of possible future injury are not sufficient"); *Robins v. Spokeo*, Inc., 867 F.3d at 1118 ("the Supreme Court explained that a plaintiff cannot show injury-in-fact unless the 'threatened injury [is] certainly impending' as opposed to merely speculative") (internal quotation marks omitted).

Plaintiff's allegation that he "anticipates that he will suffer additional costs in the future to further protect himself against wrongful use of his data" does not change this analysis. Complaint ¶ 23. As *Clapper* explains, plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper,* 133 S. Ct. at 1151 (finding that expenses associated with maintaining confidentiality of certain communications, *e.g.*, traveling to speak to people in person rather than calling or

- 7 -

DOCUMENT PREPARED ON RECYCLED PAPER

emailing, were not a "reasonable reaction to a risk of harm . . . because the harm [plaintiffs] seek to avoid is not certainly impending"). In other words, "fear is insufficient to create standing." *Id.*

Thus, Plaintiff has failed to allege sufficient facts to establish any injury-in-fact that would confer standing to bring this suit.

## B. Plaintiff Fails To Allege That Caliber Caused Any Purported Injury Suffered By Plaintiff.

In addition to properly alleging an injury-in-fact, Plaintiff must also allege facts sufficient to demonstrate that any injury he suffered is fairly traceable to the incident and Caliber's alleged conduct to establish standing. *See, e.g., Tyler v. Cuomo*, 236 F.3d 1124, 1132 (9th Cir. 2000) (explaining that injury must be "fairly traceable to the challenged action of the defendant" and not "the result of the independent action of some third party not before the court").

Here, even if Plaintiff had articulated an injury that he has personally sustained, the Complaint does not allege that this incident—rather than other contemporaneous data breaches or other possible causes—caused the unspecified, attempted "fraudulent transactions" he was alerted to. *See* Complaint ¶ 16. Rather, the Complaint simply states that Plaintiff was "informed" of the "attempted . . . fraudulent transactions" sometime after January 18, 2017, and then states that this "was proximately caused by [Caliber's] actions and/or failure to act" with no facts to support such a proposition. *Id.* At best, Plaintiff alleges only a temporal correlation between the alleged conduct and any injury, not the causation required by Article III. *See id.* This type of time and sequence allegation is inadequate to demonstrate causation for purposes of constitutional standing. *See Stollenwerk v. Tri-W. Health Care All.*, 254 F. App'x 664, 668 (9th Cir. 2007) ("Of course, purely temporal connections are often insufficient to establish causation.").[1]

---

[1] In *Stollenwerk*, the Ninth Circuit ultimately found that the plaintiff sufficiently showed a causal relationship where "(1) [plaintiff] gave [the defendant] his personal

DOCUMENT PREPARED ON RECYCLED PAPER

In short, Plaintiff does not allege anything more than ambiguous labels and conclusions about any harm he suffered as a result of this incident. As *Clapper* demonstrates, this vague allegation is insufficient to demonstrate injury and causation in order to confer standing. The Court consequently should dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *Antman v. Uber Technologies, Inc.*, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015) (finding failure to plead injury or causation after breach of drivers' information); *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 969, 971 (N.D. Cal. 2015) (finding failure to plead injury based on speculative risk of future hacking of certain passenger vehicles); *Fernandez v. Leidos, Inc.*, 127 F. Supp. 3d 1078, 1090 (E.D. Cal. 2015) (finding failure to allege injury after breach of personal information).

Because Plaintiff has not and cannot establish standing, Plaintiff's Complaint's should be dismissed in its entirety.

## IV. EACH OF PLAINTIFF'S INDIVIDUAL CLAIMS FAIL

Plaintiff alleges five causes of action against Caliber: (1) negligence; (2) violation of the right to privacy under California Constitution Article 1, Section 1; (3) violation of Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (4) violation of the Customer Records Act ("CRA"), Cal. Civ. Code § 1798.80 *et seq.*; and (5) violations of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* Even if Plaintiff had standing, the Complaint would need to be dismissed for the independent reason that each of these causes of action are facially deficient under Rule 12(b)(6).

---

information; (2) the identity fraud incidents began six weeks after the hard drives containing [defendant's] customers' personal information were stolen; and (3) [plaintiff had] previously not suffered any such incidents of identity theft." *Stollenwerk*, 254 Fed.Appx. at 667. The Court found that, in that case, "proximate cause is supported not only by the temporal[ ] but also by the logical[ ] relationship between the two events." *Id.* at 668 (citation omitted). Notably, Plaintiff here has not provided sufficient detail to make such a determination.

DOCUMENT PREPARED
ON RECYCLED PAPER

- 9 -     Case No.: 3:17-cv-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Federal Rule of Civil Procedure 12(b)(6) requires dismissal for failure to state a claim upon which relief may be granted. "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1006 (S.D. Cal. 2015) (*quoting Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (internal quotation marks omitted)).

The Supreme Court has clarified what is necessary to state an actionable claim. In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Court provided further guidance two years later in *Ashcroft v. Iqbal*, stating that "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice," nor do "unadorned, the-defendant-unlawfully-harmed-me" accusations. 129 S. Ct. 1937, 1949 (2009).

## A.   Plaintiff's Negligence Claim Fails Because There is No Breach and There Is No Injury.

To assert a claim for negligence, a plaintiff must allege "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996) (internal quotation marks and emphasis omitted). As this Court has previously held, "appreciable, nonspeculative, present harm is an essential element of a negligence cause of action . . . . The breach of a duty causing only speculative

DOCUMENT PREPARED ON RECYCLED PAPER

harm or the threat of future harm does not normally suffice to create a cause of action for negligence." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 903 F. Supp. 2d 942, 962–63 (S.D. Cal. 2012) (citations omitted). Under this standard, even if a plaintiff's claims of increased future risk of harm are sufficient to confer standing, those allegations are "insufficient to sustain a negligence claim under California law." *Id.* at 963.

Here, Plaintiff has failed to sufficiently allege that Caliber breached any duty to Plaintiff or that any purported breach caused any legally cognizable harm. As explained in Section III, *supra,* Plaintiff's Complaint contains only general, cursory statements about being "informed" of "attempted . . . fraudulent transactions." Complaint ¶ 16. The Complaint lacks any facts stating what "fraudulent transactions" were "attempted," whether these attempts were actually made (as pled, Plaintiff only alleges that he was "informed" of such attempts by an unknown source—not that Plaintiff investigated and confirmed that such attempts were made), what actual harm (if any) the Plaintiff suffered, or even any facts to suggest that these attempted transactions were the result of the Caliber incident. *See generally* Complaint ¶¶ 16-18.

Plaintiff's conclusory allegations do not allege that this incident actually caused any identity theft or fraud and, as *Sony Gaming* makes clear, an "increased risk of future harm"—as Plaintiff alleges here—is not an injury sufficient to sustain a negligence claim under California law. In short, Caliber cannot plausibly be charged with causing any injury to Plaintiff. Because Plaintiff's negligence claim lacks the elements required under California law, it should be dismissed pursuant to Rule 12(b)(6).

**B.      There Is No Legal Basis for Plaintiff's Claim of a Violation of the Right to Privacy Under the California Constitution.**

A cause of action for invasion of privacy under the California Constitution, Article 1, Section 1, requires three elements, which Plaintiff cannot establish. First,

DOCUMENT PREPARED
ON RECYCLED PAPER

the plaintiff must identify a "specific, legally protected privacy interest" that falls into one of two categories: "(1) interests in precluding the dissemination or misuse of sensitive and confidential information ('informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy')." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 35 (1994). Second, the plaintiff must have "a reasonable expectation of privacy," which "is not independent of the circumstances." *Id.* (citing *Plante v. Gonzalez*, 575 F.2d 1119, 1130, (5th Cir. 1978)). The plaintiff's expectation of privacy must be an "objective entitlement founded on broadly based and widely accepted community norms," and the expectation varies with "the presence or absence of opportunities to consent voluntarily to activities impacting privacy interests." *Hill*, 7 Cal. 4th at 36-37. Third, the alleged invasion of privacy must be "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Id.* at 37.

"The California Constitution and the common law both set a high bar for an invasion of privacy claim." *Belluomini v. Citigroup, Inc.*, No. CV 13-01743 CRB, 2013 WL 3855589, at *6 (N.D. Cal. July 24, 2013). "Even negligent conduct that leads to theft of highly personal information, including social security numbers, does not 'approach [the] standard' of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (citing *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010)).

California courts have consistently held that private companies that experience data breaches have not invaded the privacy interests of individuals. For example, in *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, the plaintiff alleged that his personally identifying information was compromised when a hotel

chain experienced a data breach. 2016 WL 6523428, at *11–12 (S.D. Cal. Nov. 3, 2016). The court granted a motion to dismiss the claim for invasion of privacy under the California constitution, reasoning that the complaint contained no "facts that would suggest that the data breach was an intentional violation of Plaintiff's and other class members' privacy, as opposed to merely a negligent one." *Id.* Similarly, the theft of a laptop containing unencrypted personal information could not support a claim for invasion of privacy because the loss of data did not "constitute an egregious breach." *Ruiz*, 540 F. Supp. 2d at 1227-28; *see also Belluomini*, 2013 WL 5645168, at *3 (N.D. Cal. Oct. 16, 2013) (holding that allegations that a bank gave personal information to a third party could not support an invasion of privacy claim).

Here, Plaintiff has made no allegation of any intentional conduct and has essentially presented the same claim that was explicitly rejected in *Dugas*. Because Plaintiff's privacy claim does not "'approach [the] standard' of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy," Plaintiff's privacy claim must be dismissed pursuant to Rule 12(b)(6). *See In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063 (N.D. Cal. 2012) (citing *Ruiz*, 540 F. Supp. 2d at 1128).

### C.    **Plaintiff's UCL Claim Fails Because There is No Underlying Legal Violation or Allegation That Shows That Plaintiff Has Been Injured.**

UCL claims "borrow" violations from other laws and make those unlawful practices separately actionable through the UCL. *Kunert v. Mission Fin. Servs. Corp.*, 110 Cal. App. 4th 242, 261 (2003). If there is no violation of the predicate law serving as the basis for the "unlawful" claim, there can be no actionable UCL claim. *Id.* Here, because each of Plaintiff's other causes of action fail, he cannot assert a UCL claim based on "unlawful" practices.

Additionally, to fulfill the standing requirements for unfair or fraudulent

DOCUMENT PREPARED ON RECYCLED PAPER

conduct, Plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e. *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in original). Allegations of "heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not suffice as injury under the UCL . . . ." *In re Sony Gaming Networks*, 903 F. Supp. 2d at 966.

Here, Plaintiff's UCL claim fails for both of these reasons. First, it relies on the other causes of action included in the Complaint, which, as outlined in the other portions of Section IV, fail of their own accord. Because this means that there is no violation of any predicate law, the UCL claim must likewise fail.

Second, this claim fails because Plaintiff has failed to plead any injury in fact associated with the claim. As outlined in Sections III and IV(A), *supra*, Plaintiff's Complaint contains only general, cursory statements about being "informed" of "attempted . . . fraudulent transactions" and has not identified any economic injury, much less established that any such injury was caused by the incident.

Because Plaintiff has failed to allege any underlying legal violation, has not sufficiently alleged any unfair or fraudulent conduct on the part of Caliber, and has not alleged any injury, Plaintiff's UCL claim must be dismissed pursuant to Rule 12(b)(6).

### D. Plaintiff Fails to State a Claim Under the CRA Because He Failed to Allege Any Concrete Injury or Sufficient Facts to Support the Claim.

Plaintiff also asserts a claim under the Customer Records Act ("CRA"), Cal. Civ. Code § 1798.80 *et seq*., alleging violations of California Civil Code Section 1798.81.5, based on Caliber's security measures, failure to dispose of information and the timing of Caliber's notice to potentially affected individuals. *See* Complaint

DOCUMENT PREPARED
ON RECYCLED PAPER

¶ 54. This claim is subject to dismissal for two reasons.

First, as set forth in Sections III and IV(A), Plaintiff fails to allege any facts to support that he suffered an injury proximately caused by Caliber's conduct. *See* Cal. Civ. Code § 1798.84(b) (permitting suit by "[a]ny customer *injured* by a violation of [the CRA]") (emphasis added). Without such an injury, a plaintiff cannot sustain a CRA claim. *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d at 1218 ("Therefore, where a plaintiff fails to allege a cognizable injury, the plaintiff lacks statutory standing to bring a claim under Section 1798.84, regardless of whether the allegations are sufficient to state a violation of the statute.") (internal quotation marks and citation omitted).

Second, Plaintiff fails to allege sufficient factual material to support the CRA claim. In the Complaint, Plaintiff fails to include facts to indicate the manner in which Caliber's security systems or protocols were supposedly insufficient, how Caliber's mitigation efforts were inadequate, or how Caliber's data retention and disposal practices were improper. *See* Complaint ¶ 63. Instead, the Complaint simply offers generic labels and legal conclusions in support of his claim. *See, e.g.*, *id.* Such allegations are required to plead a valid cause of action in federal court. *See Twombly*, 550 U.S. at 555, 570; *Iqbal*, 129 S. Ct. at 1949.

Although Plaintiff does provide some facts regarding the timing of Caliber's notification to potentially affected individuals, the CRA does not impose a particular deadline for disclosure of a data breach, requiring instead that the notification be provided "in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement . . . or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system." Cal. Civ. Code § 1798.82(a). Plaintiff does not allege any facts suggesting that the notification was not provided in the "most expedient time possible and without unreasonable delay." *See* Complaint ¶ 63. Nor does Plaintiff allege any facts indicating that any delay was not required for law

- 15 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1   enforcement purposes, to learn the scope of the breach, or to remediate systems.

2   Plaintiff instead attempts to simply assert his conclusion that the notification was

3   inadequate rather than include the facts required to state a claim. Likewise, Plaintiff

4   fails to allege any injury proximately caused by any violation of the CRA.

5        Because Plaintiff has failed to allege a concrete injury or facts sufficient to

6   support the claim for a violation of the CRA, Plaintiff's CRA claim must be

7   dismissed pursuant to Rule 12(b)(6).

8        **E.**     **Plaintiff Fails to State a Claim Under the CLRA Because Caliber**

9              **Did Not Provide The Requisite Goods or Services.**

10        Finally, Plaintiff asserts a claim under the CLRA, Cal. Civ. Code § 1750 *et*

11   *seq.*, alleging violations of California Civil Code Section 1770(a), based on

12   Caliber's purported representations about its data security practices and procedures.

13   *See* Complaint ¶¶ 62-63.

14        To state a claim under the CLRA, a plaintiff, in addition to various

15   procedural requirements, must establish (1) that he or she is a "consumer," which

16   the CLRA defines as "an individual who seeks or acquires, by purchase or lease,

17   any goods or services for personal, family, or household purposes," Cal. Civ. Code

18   § 1761(4); (2) that the person against whom the claim is filed has undertaken one of

19   the enumerated unlawful acts under Section 1770 as part of "a transaction intended

20   to result or that results in the sale or lease of goods or services to any consumer," *id.*

21   § 1770(a); and (3) that he or she has "suffer[ed] damage as a result of

22   the . . . method, act, or practice declared to be unlawful by Section 1770." *Id.*

23   § 1780. This final element includes both a causation and harm component: "[r]elief

24   under the CLRA is specifically limited to those who suffer damage, making

25   causation a necessary element of proof." *See, e.g.*, *Buckland v. Threshold*

26   *Enterprises, Ltd.*, 155 Cal. App. 4th 798, 809 (2007), as modified (Oct. 22, 2007),

27   *overruled on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310

28   (2011). "Accordingly, 'plaintiffs in a CLRA action [must] show not only that a

1  defendant's conduct was deceptive but that the deception caused them harm.'" *Id.*

2      Additionally, as part of the causation requirement, CLRA claims alleging

3  misrepresentation require proof that the plaintiff actually relied on the challenged

4  misrepresentation. *Princess Cruise Lines, Ltd. v. Sup. Ct.*, 179 Cal. App. 4th 36, 46

5  (2009); *see also Buckland*, 155 Cal. App. 4th at 811 (dismissing CLRA claim

6  because plaintiff "did not rely on the truth or completeness of respondents'

7  representations" regarding defendant's products).

8      Here, Plaintiff's CLRA claim is subject to dismissal for several reasons.

9  First, Caliber is a home loan provider and, as such, does not provide a "good" or a

10 "service" within the meaning of the CLRA. Although Plaintiff asserts, without any

11 support, that "[t]he loans Defendant markets and sells, including the related loan

12 application process Defendant maintains, are a 'service' within the meaning of the

13 Act," this assertion is belied by the plain language of the statute. By definition,

14 "goods" are statutorily limited to "tangible chattels bought or leased for use

15 primarily for personal, family, or household purposes" and "services" are

16 specifically defined as "work, labor, and services . . . furnished in connection with

17 sale or repair of [tangible chattels]." Cal. Civ. Code § 1761(a)-(b); *see also, e.g.*, *In*

18 *re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1070 (N.D. Cal. 2012) ("The

19 CLRA only applies to a limited set of consumer transactions, and is not a law of

20 'general applicability.'"). Because the home loan services that Caliber provides are

21 not "tangible chattels" or services furnished in connection with the sale or repair of

22 tangible chattels, they fall outside of the statutory definitions found in the CLRA

23 and, therefore, are not subject to a CLRA claim.

24     Next, even if this transaction were within the scope of the CLRA, as set forth

25 in Sections III and IV(A), Plaintiff fails to allege any injury proximately caused by

26 Caliber's conduct. Because the CLRA requires that a plaintiff plead both causation

27 and harm, the deficiencies in the Complaint outlined previously are fatal to the

28 CLRA claim.

DOCUMENT PREPARED
ON RECYCLED PAPER

Finally, Plaintiff does not claim to have read or relied on any allegedly misleading statements as a pre-condition of doing business with Caliber. *Buckland*, 155 Cal. App. 4th at 810 ("[P]laintiffs asserting CLRA claims . . . must establish they actually relied on the relevant representations or omissions."). Plaintiff's Complaint does not allege any particular statement made by Caliber, but rather, simply contains vague, conclusory allegations that Caliber "misrepresent[ed] the quality of their data security practices," "that [Caliber's] data security practices had characteristics," "that [Caliber's] data security procedures would sufficiently satisfy the demand for secure processing of consumer data," and "that the loan transactions and other banking transactions [Caliber] processed protected consumers' right to privacy in their data." *See* Complaint ¶ 62. Likewise, the Complaint omits any allegations that Plaintiff read or relied on any allegedly misleading statements before engaging in the transaction with Caliber. Absent a specific allegation that Plaintiff read and relied upon a specific representation, his claim fails under the CLRA.

For each of these reasons, Plaintiff has not pled facts to show that he relied on any statement that caused any injury in violation of the CLRA. Accordingly, the CLRA claims must be dismissed pursuant to Rule 12(b)(6).

## V.   **CONCLUSION**

For the foregoing reasons, Caliber respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Case No.: 3:17-cv-01718-LAB-WVG

DOCUMENT PREPARED
ON RECYCLED PAPER

1   Dated: January 3, 2018                    SPENCER PERSSON
                                              SARAH MOSES
2                                             **NORTON ROSE FULBRIGHT US LLP**

3

4

5                                            By /s/ Spencer Persson
                                                SPENCER PERSSON
6                                               Attorneys for Defendant
                                                CALIBER HOME LOANS, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER