1　COOLEY LLP
　　BENJAMIN KLEINE (257225) (bkleine@cooley.com)
2　LAURA M. ELLIOTT (286702) (lelliott@cooley.com)
　　REECE TREVOR (316685) (rtrevor@cooley.com)
3　101 California Street, 5th Floor
　　San Francisco, CA  94111-5800
4　Telephone: (415) 693-2000
　　Facsimile:  (415) 693-2222
5
　　Attorneys for Defendant
6　Caliber Home Loans, Inc.

7

8

9

10

11　　　　　　　　UNITED STATES DISTRICT COURT

12　　　　　　　SOUTHERN DISTRICT OF CALIFORNIA

13

14　SALAM RAZUKI, individually and on　　Case No.  3:17-cv-01718-LAB-WVG
　　behalf of others similarly situated,
15　　　　　　　　　　　　　　　　　　　**CALIBER HOME LOANS, INC.'S**
　　　　　　　　　Plaintiff,　　　　　　　**REPLY IN SUPPORT OF MOTION**
16　　　　　　　　　　　　　　　　　　　**TO DISMISS PLAINTIFF'S**
　　v.　　　　　　　　　　　　　　　　　**SECOND AMENDED CLASS**
17　　　　　　　　　　　　　　　　　　　**ACTION COMPLAINT**
　　CALIBER HOME LOANS, INC., a
18　Delaware corporation; and DOES 1　　Hearing Date:  February 26, 2018
　　through 100, inclusive,　　　　　　　Time:　　　　　11:30 am
19　　　　　　　　　　　　　　　　　　　Courtroom:　　14A
　　　　　　　　　Defendant.　　　　　　Judge:　　　　Hon. Larry Alan Burns
20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ........................................................................................................ 1

    A.   Plaintiff Lacks Article III Standing .......................................................... 1

        1.   Plaintiff Has Not Alleged an Injury-in-Fact. ................................ 1

            a.   Plaintiff Has Not Alleged Theft of His Data Resulting in a "Credible Threat of Real and Immediate" Harm. ......... 2

            b.   Plaintiff's Alleged "Costs of Remedial and Protective Measures" Do Not Confer Standing. ................................... 4

        2.   Plaintiff's Allegations that Caliber's Conduct Caused His Injuries Are Defectively Conclusory. ..................................... 5

    B.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim ....................................................................................................... 6

        1.   Plaintiff Fails to Allege the Necessary Elements of a Negligence Claim. ......................................................................... 6

        2.   Plaintiff Does Not Allege the Intentional Behavior Required to Establish an Invasion of His Constitutional Right to Privacy. ...................................................................................... 7

        3.   California Courts Have Decisively Rejected Plaintiff's Misinterpretation of the CLRA .................................................. 8

        4.   Plaintiff Ignores Caliber's Argument that He Fails to State a Claim Under the Consumer Records Act ..................................... 9

        5.   Plaintiff Has Not Identified Any Viable Predicate Cause of Action to Support a UCL Claim. ............................................. 9

    C.   The Court Should Dismiss Plaintiff's Claims with Prejudice. ............... 10

III.  CONCLUSION ................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Systems Inc. Privacy Litig.*,
66 F. Supp. 3d 1197 (N.D. Cal. 2014)....................................................................3, 6

*Alborzian v. JPMorgan Chase Bank, N.A.*,
235 Cal. App. 4th 29 (2015) .......................................................................................8

*In re Anthem, Inc. Data Breach Litig.*,
No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27,
2016) .......................................................................................................................4, 6

*Antman v. Uber Techs., Inc.*,
No. 3:15-cv-01175-LB, 2015 WL 6123054 (N.D. Cal. Oct. 19, 2015) ...................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................................4

*In re Barnes & Noble Pin Pad Litig.*,
No. 12–cv–8617, 2013 WL 4759588 (N.D. Ill. Sept. 3, 2013) ............................2, 4

*Bayer v. Neiman Marcus Grp., Inc.*,
861 F.3d 853 (9th Cir. 2017) ......................................................................................5

*Beck v. McDonald*,
848 F.3d 262 (4th Cir. 2017) ......................................................................................3

*Buckland v. Threshold Enters., Ltd.*,
155 Cal. App. 4th 798 (2007) .....................................................................................9

*Chu v. Fay Servicing, LLC*,
No. 16-cv-04530, 2016 WL 5846990 (N.D. Cal. Oct. 6, 2016)................................6

*Clapper v. Amnesty Int'l USA*,
133 S. Ct. 1138 (2013)................................................................................................4

*Cope v. Davison*,
30 Cal. 2d 193 (1947) .................................................................................................8

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. 3:16-cv-00014, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) ............................7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.            CASE NO.  3:17-CV-01718-LAB-WVG

DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFF'S SAC

*Edstrom v. Anheuser-Busch Inbev SA/NV*,
  647 F. App'x 733 (9th Cir. 2016)..........................................................................10

*Fernandez v. Leidos, Inc.*,
  127 F. Supp. 3d 1078 (E.D. Cal. 2015) ...................................................................5

*Giroux v. Essex Prop. Tr., Inc.*,
  No. 16-cv-01722-HSG, 2017 WL 1549477 (N.D. Cal. May 1, 2017).....................4

*Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010) ....................................3, 4

*Ladd v. Cty. of San Mateo*,
  12 Cal. 4th 913 (1996)..............................................................................................6

*Mazonas v. Nationstar Mortg. LLC*,
  No. 3:16-cv-00660-RS, 2016 WL 2344196 (N.D. Cal. May 4, 2016).....................8

*Ruiz v. Gap, Inc.*,
  540 F. Supp. 2d 1121 (N.D. Cal. 2008).....................................................................7

*Shull v. Ocwen Loan Servicing, LLC*,
  No. 13-CV-2999, 2014 WL 1404877 (S.D. Cal. Apr. 10, 2014) ..............................9

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  903 F. Supp. 2d 942 (S.D. Cal. 2012) ......................................................................6

*Strautins v. Trustwave Holdings, Inc.*,
  27 F. Supp. 3d 871 (N.D. Ill. 2014).........................................................................2

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
  Practices, & Prods. Liab. Litig.*,
  826 F. Supp. 2d 1180 (C.D. Cal. 2011)....................................................................6

**Statutes**

Cal. Civ. Code
  § 1798 ........................................................................................................................9
  § 1798.78 ...................................................................................................................9
  § 1798.80 *et seq.* ......................................................................................................9

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO.  3:17-CV-01718-LAB-WVG

DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS PLAINTIFF'S SAC

## I.   INTRODUCTION

Over a year after the January 2017 cyberattack on Caliber and despite having twice amended his Complaint, Plaintiff fails to allege even the most basic facts necessary to establish that he has suffered any injury attributable to Caliber's information security practices.  He does not claim that his personal information was actually used to open accounts or to make fraudulent transactions, nor does he actually allege that his personal information was among the data accessed in the January 2017 cyberattack on Caliber's databases.  Moreover, Plaintiff fails to identify any action or inaction by Caliber that proximately caused his alleged "injuries."  The mere fact that Plaintiff received notice of "attempted" fraudulent transactions after Caliber's databases were hacked is insufficient to establish that Caliber caused Plaintiff to suffer an injury-in-fact.  Plaintiff therefore lacks Article III standing.

But even if Plaintiff had established Article III standing, he fails to address (and thereby concedes) many of Caliber's arguments about why his allegations do not state a claim against Caliber.  Where he does attempt to refute Caliber's arguments, he does so primarily by citing inapposite authority and by referencing conclusory allegations.

Because no amendment could cure the fundamental problems with Plaintiff's Second Amended Complaint ("SAC"), it should be dismissed with prejudice.

## II.   ARGUMENT

### A.   Plaintiff Lacks Article III Standing

#### 1.   Plaintiff Has Not Alleged an Injury-in-Fact.

Although Plaintiff's SAC contains vague and conclusory allegations of various "injuries" supposedly suffered by "Plaintiff and/or members of the Class" (Compl. ¶ 22), Plaintiff abandons all but two of those alleged injuries in his Opposition, thereby effectively conceding the defectiveness of the others, none of which Plaintiff claims to have personally suffered.  (Opp'n at 3-5.)  Plaintiff now bases his injury-in-fact claim solely on his arguments (i) that he has "pled a credible threat to his data" and (ii) that he has "pled the costs of remedial and protective measures." (Opp'n at 3-5.)  Plaintiff's

1    allegations do not support his claim for standing under either of these theories.

2              **a.    Plaintiff Has Not Alleged Theft of His Data Resulting in**
                        **a "Credible Threat of Real and Immediate" Harm.**
3

4          As an initial matter, while Plaintiff concedes that he must allege "actual data

5    theft" to establish Article III standing under Ninth Circuit law (Opp'n at 3-4), Plaintiff

6    fails to allege that ***his*** personal information ***was actually stolen***, which renders his

7    allegations wholly insufficient even under his own standard.  Though Plaintiff attempts

8    to couch his allegations as something more, a careful reading reveals that he claims only

9    that he provided personal information to Caliber sometime prior to January 2017, when

10   "unauthorized individuals gained access to" Caliber's "electronically-stored loan files."

11   (Compl. ¶¶ 11-13.)  He ***never*** actually alleges that Caliber was still in possession of his

12   personal information in January 2017.  Nor does he actually allege that his personal

13   information was among the data accessed by these "unauthorized individuals."[1]

14   Plaintiff's allegations are thus insufficient to convey Article III standing.  *See, e.g.*,

15   *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 880 (N.D. Ill. 2014) ("[T]hat

16   hackers gained some access to a SCDOR database does not necessarily mean, or even

17   plausibly suggest, that they obtained access to all of the data in SCDOR's possession,

18   and the complaint provides no basis to infer that the hacker (or hackers) obtained

19   [plaintiff's] data."); *In re Barnes & Noble Pin Pad Litig.*, No. 12–cv–8617, 2013 WL

20   4759588, at *4 (N.D. Ill. Sept. 3, 2013) (though plaintiffs "made credit and debit card

21   purchases at [] stores affected by the security breach," the "inference that [plaintiff's]

22   data was stolen, based merely on the security breach, [wa]s too tenuous" to support their

23

24   ---
     [1] The closest Plaintiff comes is a brief reference to "stress" that he allegedly experienced
25   as a result "of knowing his Confidential Customer Data was accessed by unauthorized
     users" and "time, energy, and funds" he allegedly spent "attempting to remedy the
26   wrongful disclosure and use of his data." (Compl. ¶ 18.)   But these allegations
     concerning Plaintiff's response to a notice of attempted fraudulent transactions cannot
27   substitute for a direct allegation that Plaintiff's information was actually stolen in the
     attack.  Similarly, his allegation that "the injuries suffered by Plaintiff ***and/or*** members
28   of the Class . . . include . .  [t]heft of their personal information" (*e.g.*, Compl. ¶ 42
     (emphasis added)) does not allege that ***his*** data was stolen.

claim of injury).

Plaintiff's cited cases are highly distinguishable.  In *Krottner v. Starbucks Corp.*, the defendant confirmed that plaintiffs' personal information was stored on a laptop that was stolen from the defendant.  628 F.3d 1139, 1140-41 (9th Cir. 2010).  Likewise, in *In re Adobe Systems Inc. Privacy Litigation*, the court explicitly noted that "[p]laintiffs' personal information was among the information taken during the breach."  66 F. Supp. 3d 1197, 1215 (N.D. Cal. 2014).  Thus, in both of these cases, the "credible threat of real and immediate harm" stemmed from the actual theft of plaintiff's personal information.  In contrast, Plaintiff here implies, but does not actually allege, that his information was stolen.  His allegations are too tenuous to support his claim of injury.

Moreover, Plaintiff also argues that his claims are not unduly speculative because he already experienced "attempted identity theft." (Opp'n at 4.)  Here, again, Plaintiff's argument is not supported by his allegations.  Plaintiff alleges only that, sometime after unauthorized individuals accessed Caliber's files, he "was ***informed*** that an unknown party ***attempted*** to make numerous fraudulent transactions in his name, including the opening of new credit accounts." (Compl. ¶ 16 (emphasis added).)  He does not allege that he verified the information about the alleged transactions, that any credit accounts were actually opened, or even that the alleged attempted transactions (if there were any) took place after the incident.  Thus, Plaintiff has alleged no ***actual*** misuse of his personal information sufficient to support his claim of standing.  (*See* MTD at 6.)

Finally, Plaintiff's argument that he faces a "credible threat of real and immediate harm" is severely undermined by the fact that, a year after the January 2017 cyberattack, Plaintiff can only vaguely allege that he received a single notice of attempted fraudulent transactions which he cannot even link to the attack.  *See Beck v. McDonald*, 848 F.3d 262, 275 (4th Cir. 2017) ("'[A]s the breaches fade further into the past,' the Plaintiffs' threatened injuries become more and more speculative.") (internal citation omitted).

In short, a year after the cyberattack and after multiple amendments to his Complaint, Plaintiff is still unable to allege (i) that his information was actually stolen

in the attack or (ii) that even a single attempted fraudulent transaction resulted from the attack. Plaintiff's allegations do not establish a "credible threat of real and immediate harm." *Krottner*, 628 F.3d at 1143.

### b. Plaintiff's Alleged "Costs of Remedial and Protective Measures" Do Not Confer Standing.

Nor can Plaintiff manufacture standing by voluntarily incurring costs to "protect" himself from the speculative possibility of future injury following a cyberattack. (Opp'n at 5); *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1151 (2013). Although Plaintiff cites *In re Anthem, Inc. Data Breach Litigation* for the proposition that voluntarily incurred costs can confer standing (Opp'n at 5), plaintiffs in *Anthem* incurred costs in mitigating ***actual harm*** caused by fraudulent credit card charges and fraudulently filed tax returns. *See, e.g.*, Second Consol. Amended Class Action Compl. ¶¶ 21, 24, 25, 91, 415, No. 15-md-02617, 2016 WL 3029783 (N.D. Cal. May 27, 2016), ECF No. 473-3. In contrast, Plaintiff here has made no showing that his data was actually compromised, so his alleged mitigation costs do not qualify as injuries-in-fact. *See Antman v. Uber Techs., Inc.*, No. 3:15-cv-01175-LB, 2015 WL 6123054, at *11 (N.D. Cal. Oct. 19, 2015) ("[T]he risk of identity theft must first be real and imminent, and not speculative, before mitigation costs establish injury in fact."); *In re Barnes & Noble*, 2013 WL 4759588, at *4 (where plaintiffs did not allege that their information "was actually stolen," mitigation costs did not confer standing).

Even if Plaintiff could establish standing based on his voluntarily incurred "remediation" costs, his failure to identify any specific costs incurred as a result of the cyberattack precludes him from satisfying the *Twombly/Iqbal* pleading standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, Plaintiff does not even allege that the "money" he "spent" was used to "protect [his] data" or "remedy [its] misuse." (*Contra* Opp'n at 5.) He alleges only that he "spent . . . money . . . managing the fallout from the[] attempted fraudulent transactions." (Compl. ¶ 17.) Such allegations are insufficient to support a claim of Article III standing. *See Giroux v. Essex Prop. Tr.,*

*Inc.*, No. 16-cv-01722-HSG, 2017 WL 1549477, at *2 (N.D. Cal. May 1, 2017) (mitigation did not establish Article III standing where plaintiff did not "specify which of these costs, if any" occurred since notification of the data breach.).

### 2. Plaintiff's Allegations that Caliber's Conduct Caused His Injuries Are Defectively Conclusory.

Even if Plaintiff could establish that he suffered an injury-in-fact (he cannot), he alleges no facts demonstrating that his injuries are "fairly traceable to the challenged action" of Caliber—a showing that Plaintiff concedes is necessary to establish Article III standing.  (Opp'n at 3; MTD at 8.)  This failure provides independent grounds for dismissal of Plaintiff's claims.  *See Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 861-62 (9th Cir. 2017).

In response to this argument, Plaintiff points only to his conclusory allegations that his injuries were "proximately caused by" Caliber's "actions and/or failure to act." (*See e.g.*, Compl. ¶ 16; Opp'n at 5-6.)  But as Caliber argued in its motion, these conclusory statements are insufficient to demonstrate causation.  Entirely absent from Plaintiff's Complaint is a single allegation showing ***how the attempted fraudulent transactions can be linked to the Caliber incident***.  Plaintiff does not, for example, allege that the information used to attempt these fraudulent transactions was the same information accessed in the cyberattack.  *See, e.g.*, *Fernandez v. Leidos, Inc*., 127 F. Supp. 3d 1078, 1085-87 (E.D. Cal. 2015) (no causation where plaintiff did not allege that the misused information was actually on the stolen backup tapes).  Nor does Plaintiff allege that the fraudulent transactions took place ***after*** the cyberattack—instead alleging only that he was ***informed*** of the attempted transactions ***after*** the incident. (Compl. ¶ 16.)  Even if this allegation established the existence of attempted fraudulent transactions postdating the cyberattack (it does not), it would, at best, create a purely temporal connection insufficient to establish causation.   (MTD at 8-9.)

Furthermore, Plaintiff's allegation that his purported injuries were caused by ***Caliber's*** "actions and/or failure to act" is unsupported by any factual allegations

describing **what** actions Caliber took or failed to take with regard to Plaintiff's personal information. As such, they are highly distinguishable from the allegations in Plaintiff's cited authority and insufficient to state a claim. *See Adobe*, 66 F. Supp. 3d at 1206-07 (alleging, in detail, defects in defendant's "encryption scheme," "intrusion detection systems," and "network level systems control"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1192 (C.D. Cal. 2011) (no Article III standing where plaintiffs made only a "conclusory allegation" that defendant's actions caused their injuries).

**B.    Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim**

**1.    Plaintiff Fails to Allege the Necessary Elements of a Negligence Claim.**

To state a claim for negligence, Plaintiff must allege facts demonstrating that Caliber breached some duty owed to Plaintiff and that the breach proximately caused his injury. (MTD at 10-11.) Plaintiff does not dispute these requirements, nor does he address Caliber's arguments that he has not alleged facts establishing a breach or proximate causation. (MTD at 10-11; Opp'n at 6-7.) For this reason alone, Plaintiff's negligence claim fails. *See Chu v. Fay Servicing, LLC*, No. 16-cv-04530, 2016 WL 5846990, at \*6 (N.D. Cal. Oct. 6, 2016) ("Without specific facts, Defendants cannot determine what the breach was and whether it is actionable."); *see also Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (describing the elements of a negligence claim).

Moreover, Plaintiff fails to address Caliber's argument that threat of future harm is not an injury sufficient to support a negligence claim under California law, even where such allegations are sufficient to establish Article III standing. (MTD at 11); *see In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 962-63 (S.D. Cal. 2012). Neither of Plaintiff's cited authorities holds otherwise. *See Adobe*, 66 F. Supp. 3d at 1217 (threat of future misuse of data was sufficient to support a **CRA** claim); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, at \*26 (N.D. Cal. May 27, 2016) (various allegations were sufficient to

support a *UCL* claim).  Thus, to the extent Plaintiff's alleged injuries involve the "threat of the Breach perpetrators continuing to misuse his data" (Opp'n at 6-7), they cannot support his negligence claim.  Finally, as described above in Section II.A.1.b, Plaintiff's allegations regarding his "costs of remedial measures" are too vague to meet the *Twombly/Iqbal* standard.  Plaintiff does not actually allege that the money he spent was used to mitigate prior misuse or to avoid future misuse of his personal information, nor does he specifically identify any costs that were incurred as a result of Caliber's alleged negligence.  Plaintiff's conclusory allegations cannot support his negligence claim.

### 2. Plaintiff Does Not Allege the Intentional Behavior Required to Establish an Invasion of His Constitutional Right to Privacy.

When faced with allegations analogous to Plaintiff's, this Court and other Ninth Circuit courts have repeatedly held that companies that have experienced cyberattacks are not liable for violations of the right to privacy under the California Constitution. *See, e.g.*, *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) (allegations that defendants acted with a "willful and conscious disregard of Plaintiff's [] right to privacy" were insufficient to support a claim for invasion of privacy under the California Constitution because plaintiff did not "allege any facts that would suggest that the data breach was an intentional violation of [plaintiff's privacy] as opposed to merely a negligent one"); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1125, 1128 (N.D. Cal. 2008) (dismissing claim for invasion of privacy under the California Constitution where defendant failed to encrypt plaintiffs' information because "[t]he increased risk and the manner in which it was allegedly created . . . do not constitute an egregious breach").

Here, like the plaintiffs in *Dugas* and *Ruiz*, Plaintiff fails to allege that Caliber intentionally violated his privacy.  Rather, he makes the conclusory claim that Defendant "egregiously failed to institute adequate security measures, resulting in the Breach."  (Compl. ¶ 48.)  Such allegations are insufficient to demonstrate a "serious invasion of privacy" necessary to state a claim.  *Dugas*, 2016 WL 6523428, at *12

(conclusory allegations regarding defendants' "willful and conscious disregard" of plaintiff's rights insufficient to establish the "serious invasion of privacy" requirement of a claim for invasion of privacy).

Plaintiff makes no effort to distinguish this on-point case law but rather cites *Cope v. Davison*, which addresses the definition of the term "wilful misconduct" *as used in the California Vehicle Code*. *See* 30 Cal. 2d 193, 195 (1947); (Opp'n at 7). *Cope* is wholly inapposite and has no bearing on whether Plaintiff has met the high bar for stating an invasion of privacy claim.

### 3. California Courts Have Decisively Rejected Plaintiff's Misinterpretation of the CLRA

Plaintiff argues that Caliber's processing of "home loan applications" constitutes a "service" under the CLRA because the statute's reference to "services furnished in connection with the sale or repair of goods" is not exclusive. (Opp'n at 8.) However, Courts interpreting the CLRA have repeatedly rejected Plaintiff's interpretation of the statute and have expressly held that the CLRA's "prohibitions do not extend to mortgage loans or the ancillary services connected with servicing home loans." *Mazonas v. Nationstar Mortg. LLC*, No. 3:16-cv-00660-RS, 2016 WL 2344196, at *3 (N.D. Cal. May 4, 2016); *Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 40 (2015) ("A mortgage loan is not a 'good' [under the CLRA] because it is not a 'tangible chattel'; it is not a 'service' because it is not 'work, labor, or services . . . furnished in connection with the sale or repair of goods.'"). The Court should therefore reject Plaintiff's proposed expansion of the CLRA and dismiss his claim.[2]

Moreover, Plaintiff must allege that he actually relied on a misrepresentation by Caliber to state a claim under the CLRA. (MTD at 17-18.) Plaintiff's claim that he "reasonably believed that an established home loan company would adhere to industry

---

[2] Notably, *Alborzian* is binding on this Court in the absence of "convincing evidence" that the California Supreme Court would disagree with its holding. *See Mazonas*, 2016 WL 2344196, at *4. Plaintiff offers no such evidence.

standards sufficient to protect his most personal information" (Opp'n at 9) does not establish that he read, let alone relied on, any statement by Caliber regarding its security practices. Plaintiff cannot, therefore, state a claim based on any alleged misrepresentations. *See Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 810 (2007). Finally, as described above in Sections II.A.2 and II.B.1, Plaintiff fails to allege any facts demonstrating that Caliber' actions or inactions proximately caused him any injury. These deficiencies are each independently fatal to Plaintiff's CLRA claim.

### 4. Plaintiff Ignores Caliber's Argument that He Fails to State a Claim Under the Consumer Records Act

Plaintiff ignores Caliber's argument that his claim under the California Customer Records Act, Cal. Civ. Code § 1798.80 *et seq.* ("CRA"),[3] should be dismissed because Plaintiff fails to allege any facts demonstrating that Caliber violated the statute or that such violation proximately caused Plaintiff any injury. (MTD at 14-16; Opp'n at 9.) Thus, for the reasons set forth in Caliber's motion, Plaintiff's claim under this statute fail. *See Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999, 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.").

### 5. Plaintiff Has Not Identified Any Viable Predicate Cause of Action to Support a UCL Claim.

Plaintiff does not contest the fact that, to state a claim under the unlawful prong of the UCL,[4] he must establish that Caliber violated the law serving as the basis for his UCL claim and thereby caused him to lose "money or property." (MTD at 13-14; Opp'n at 9-10.) Rather, he alleges that he has met this standard by pleading violations of the CLRA and CRA. However, as described above in Sections II.B.3 and II.B.4, Plaintiff's

---

[3] Plaintiff mistakenly refers to this statute as the California Information Practices Act. (Opp'n at 9-10; Compl. ¶ 15.) However, the California Information Practices Act is codified at Cal. Civ. Code §§ 1798-1798.78 and is inapplicable here.

[4] Plaintiff's Opposition confirms that he is not bringing a claim under the "unfair" or "fraud" prongs of the UCL.

claims under these statutes are fundamentally flawed and cannot, therefore, support a UCL claim. (*See* MTD at 13-14.)  Moreover, as described in Sections II.A.1.b and II.B.1, Plaintiff's single cursory allegation that he "spent . . . money . . . managing the fallout from . . . attempted fraudulent transactions" is insufficient to meet the *Twombly/Iqbal* pleading standard and cannot meet the "lost money or property" requirement under the UCL.  Plaintiff's UCL claim should therefore be dismissed.

### C.    The Court Should Dismiss Plaintiff's Claims with Prejudice.

Plaintiff's claims should be dismissed with prejudice.  Plaintiff filed his First Amended Complaint on September 26, 2017 (ECF No. 10), and Caliber moved to dismiss it on October 25, 2017 (ECF No. 12).  Plaintiff then requested leave to file his SAC to "obviate or narrow the issues to be addressed by Defendant's motion to dismiss," (ECF No. 13 at 2), which the Court granted. Plaintiff filed his SAC on December 4, 2017.  (ECF No. 16.)

Despite having the benefit of Caliber's motion to dismiss his First Amended Complaint, Plaintiff has still failed to advance any cognizable theory of injury, allege facts sufficient to state any claim, or even identify allegations he could add to remedy these defects.  Because further amendment would be futile, Plaintiff's request for leave to amend should be denied.  *See Edstrom v. Anheuser-Busch Inbev SA/NV*, 647 F. App'x 733, 736 (9th Cir. 2016) (leave to amend was properly denied where "[p]laintiffs failed to identify any additional factual allegations that could save their complaint from dismissal" and amendment was futile).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's SAC should be dismissed with prejudice for lack of standing and for failure to state a claim.

Dated:      February 16, 2018            COOLEY LLP

By: s/ *Benjamin Kleine*
Benjamin Kleine
Attorneys for Defendant
Caliber Home Loans, Inc.
Email:  bkleine@cooley.com

166239222

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, I filed the document named below pursuant to the Court's Electronic Case Filing Administrative Policies and Procedures Manual:

CALIBER HOME LOANS, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

with the Clerk of the Court using the CM/ECF system.  Counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

Executed on February 16, 2018 at San Francisco, California.

Debra Foster
Debra Foster