**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex Tomasevic (SBN 245598)
  David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:    (619) 325-0492
Facsimile:    (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: dgreco@nicholaslaw.org

Attorneys for Plaintiff
SALAM RAZUKI

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and behalf of others similarly situated;<br><br>            Plaintiff,<br><br>  vs.<br><br>CALIBER HOME LOANS, INC., a Delaware corporation;<br><br>         Defendant. | Case No.: 3:17-cv-01718-LAB-WVG<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) NEGLIGENCE;**<br><br>**(2) VIOLATIONS OF THE RIGHT TO PRIVACY UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTION 1;**<br><br>**(3) UNFAIR BUSINESS PRACTICES, CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200,** *et seq.***;**<br><br>**(4) VIOLATIONS OF THE CALIFORNIA INFORMATION PRACTICES ACT, CIVIL CODE § 1798.80,** *et seq.***; and**<br><br>**(5) BAILMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SALAM RAZUKI, individually and behalf of others similarly situated, brings this action against Defendant CALIBER HOME LOANS, INC. and DOES 1 through 100, inclusive (collectively ("Defendant"), and alleges on information and belief as follows:

## I.    PARTIES

1.    Plaintiff Salam Razuki is, and at all relevant times was, an individual residing in the County of San Diego, California. He is an aggrieved customer of Defendant Caliber Home Loans, Inc.

2.    Caliber Home Loans, Inc. ("Caliber") is, and at all relevant times was, a Delaware Limited Liability Company doing business in the State of California, including in the County of San Diego.

3.    At all times herein mentioned, each of the Defendants were the agents and employees of each of the remaining Defendants and, in doing the things alleged, was at all times acting within the purpose, course, and scope of said agency or employment with the knowledge, consent, permission, and subsequent ratification of each of the other Defendants.

## II.    JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332.

5.    This Court has jurisdiction over Defendant because it conducts substantial business in California and San Diego County. Defendant intentionally availed itself to the laws and markets of California through operation of its business in California and San Diego County.

6.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events or omissions giving rise to Plaintiff' claims occurred in this judicial District.

### III.   GENERAL ALLEGATIONS

7.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

8.     Prior to January 18, 2017, as part of a loan transaction or attempted loan transaction, Defendant Caliber asked for, and Plaintiff provided, sensitive identifying information that Defendant required to process a loan application. This information includes—but is not limited to—his personal contact information, social security number, driver's license number, and information regarding Plaintiff's accounts at other financial institutions.

9.     Plaintiff provided this information to Defendant with the reasonable expectation that Defendant would create and maintain processes that protected the information from unauthorized use or disclosure. He also reasonably believed that Defendant would dispose of this information when its legitimate usefulness ceased.

10.     It is undisputed that, on or around January 18, 2017, unauthorized individuals gained access to Defendant's electronically-stored loan files, including documents containing personally-identifying information. The unauthorized individuals also obtained information that made it possible to access Defendant's customers' online accounts. (Hereinafter, this event is referred to as the "Breach.")

11.     The purpose of the Breach was to obtain information related to Defendant's customers, including private credit and identity-related information that could be used for fraudulent purposes in the future.

12.     The information accessed included: social security numbers; driver's license numbers; military or other government ID numbers; dates of birth; financial account names, numbers, and statements; digital signatures and/or information that could be used to access a Class Members' online account or data storage sites; borrower submission data; health insurance information; and medical ID numbers. (This information is collectively referred to as "Confidential Customer Data.")

13. To help monitor his credit, Plaintiff **paid** for Experian's credit monitoring services.

14. After the above-mentioned breach, Plaintiff was informed that an unknown party attempted to make numerous fraudulent transactions in his name, including the opening of new credit accounts.

15. Plaintiff was notified via email by Experian that a new credit an attempt to open a credit card, was made using his name and identifying information. Plaintiff did not attempt to open the credit card in this time period, so he knew it had to have come from a fraudulent source. Plaintiff is currently searching for records to identify the credit card company mentioned and will provide that information to Defendant and the Court when the records are located.

16. In short, Plaintiff's identity had been stolen and exploited. And this theft and exploitation of Plaintiff's identity–as well as the identities of his fellow class members—was proximately caused by Defendant actions and/or failure to act.

17. Plaintiff and his fellow class members spent time, money, energy, and effort managing the fallout from these attempted fraudulent transactions.

    a. Specifically, Plaintiff took time away from the business that he operates to manage the fallout from this breach of his privacy. The time he took away from this retail business caused him lost sales, which meant reduced income.

18. Plaintiff had money fraudulently withdrawn from his bank account with Wells Fargo. A Wells Fargo representative called Plaintiff to notify him of this fact. Plaintiff then confirmed that funds had been transferred from his Wells Fargo account to unknown accounts and for unknown purchases. To avoid overdrafts and other charges, Plaintiff had to move money from his other accounts to his Wells Fargo account to cover the amount that was stolen from him.

19. Plaintiff has suffered emotional distress because of the stress of knowing his Confidential Customer Data was accessed by unauthorized users. He also spent

time, energy, and funds attempting to remedy the wrongful disclosure and use of his data, including spending time monitoring transactions in his name, cancelling wrongfully-opened accounts, and interacting with his banks to change or close accounts that had been compromised.

20.    To ensure further fraudulent charges do not occur, Plaintiff took remedial measures, which were necessary and which cost him time, money, and energy. Plaintiff continues to remain vigilant of other possible methods that would protect his credit and his identity, as the threat to his identity safety is ongoing.

21.    In other words, the risk posed by the hackers who breached Caliber's network is immediate and very real.

22.    Moreover, had Plaintiff known that Defendant maintained lax security protocols, Plaintiff would not have expended the time and resources associated with using Defendant to process his application(s).

23.    On information and belief, Plaintiff alleges that Defendant knew of higher-quality security protocols available to them, and about the threat of intrusion into their systems based on their inadequate security protocols. Nevertheless, despite this danger and the knowledge that they could easily be hacked, Defendant intentionally and egregiously refused to upgrade their security systems in a manner that would sufficiently protect the data of Plaintiff and the Class.

24.    In all, the injuries suffered by Plaintiff and members of the Class as a direct result of the Breach include:

　　　　　a.    Unauthorized charges on their debit and credit card accounts;

　　　　　b.    Theft of their personal and financial information;

　　　　　c.    Costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;

　　　　　d.    Loss of use of and access to their account funds, and costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed

payments on bills and loans, late charges and fees, and adverse effects on their credit, including decreased credit scores and adverse credit notations;

e.      Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the breach;

f.      The imminent and certainly impending injury flowing from potential fraud and identify theft posed by their credit card and personal information being placed in the hands of criminals and already misused via the sale of Consumer Plaintiff' and Class members' information on the Internet card black market;

g.      Damages to and diminution in value of their personal and financial information entrusted to Defendant for the sole purpose of purchasing financial products or services from Defendant and with the mutual understanding that Defendant would safeguard Plaintiff's and Class members' data against theft and not allow access and misuse of their data by others;

h.      Overpayments paid to Caliber for financial products and services purchased during or after the Breach in that a portion of the price for such products or services paid by the Class to Caliber was for the costs of Caliber providing reasonable and adequate safeguards and security measures to protect customers' financial and personal data, which Caliber did not do, and as a result, Plaintiff and members of the Class did not receive what they paid for and were overcharged by Caliber; and

i.      Continued risk to their financial and personal information, which remains in the possession of Caliber and which is subject to further breaches so long

as Caliber fails to undertake appropriate and adequate measures to protect Plaintiff's and Class members' data in its possession.

25.     Likewise, Plaintiff anticipates that he will suffer additional costs in the future to further protect himself against wrongful use of his data, including additional tools for cybersecurity, credit monitoring services, and other reasonable measures. Due to Defendant' acts, Plaintiff now suffers an increased risk of future fraudulent charges and susceptibility to identify theft.

26.     On June 23, 2017—over five months after the breach—Defendant sent a letter to its customers notifying them of the breach. Defendant also provided a sample version of this letter to the State of California, Department of Justice, Office of the Attorney General. Plaintiff received such a letter.

27.     Defendant's attempt to mitigate the damage done by the Breach were inadequate for the following reasons:

a.     The alleged mitigation did not stop the funds from being transferred out of Plaintiff's Wells Fargo bank account;

b.     The alleged mitigation did not stop unknown parties from attempting to open a major credit card using Plaintiff's personal identifying information; and

c.     The credit and identity monitoring services provided by Defendant are insufficient to track all fraudulent transactions, including the transfer of funds from Plaintiff's Wells Fargo bank account, and therefore do not protect from all harm caused by the Breach.

28.     Defendant had no reason to retain Plaintiff's personal identifying information after the cessation of his loan application process. Defendant did not need to access this information once had it closed the file on this loan application, and thus Defendant failed to comply with applicable statutory authority regarding the

1 dispensation of personal identifying information, including the California

2 Information Practices Act.

### IV. <u>CLASS ALLEGATIONS</u>

29. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30. Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

31. **CLASS PERIOD.** The Class Period shall be defined from January 1, 2017, to any such time the court deems appropriate.

32. **CLASS DEFINITION.** The Class is defined as:

> *All persons whose Confidential Customer Data was compromised, in whole or in part, by the Breach.*

33. Members of the class will be collectively referred to as the "Class." The Class does not include (1) Defendant, their officers, and/or their directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

34. Plaintiff reserves the right to amend the above class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

35. **NUMEROSITY:** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that Defendant has access to data sufficient to identify the customers whose Confidential Customer Data was wrongfully accessed by unauthorized users.

36. Plaintiff is informed, believes, and on that basis alleges that Defendant's records would provide information as to the number and location of all class members.

37.   **ADEQUACY OF REPRESENTATION:** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys are highly experienced in consumer and employment class action litigation. Plaintiff intends to prosecute this action vigorously.

38.   **COMMON QUESTIONS OF LAW AND FACT:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff's and the claims of the Class concerning:

a.   Whether Defendant violated California Constitution Article I, Section 1 in their mismanagement of the Confidential Customer Data and allowance of the Breach;

b.   Whether Defendant violated California Civil Code section 1798.81 in their management of the Confidential Customer Data and allowance of the Breach;

c.   Whether Defendant violated Civil Code section 1798.81.5 by failing to properly enact sufficient security protocols;

d.   Whether Defendant violated Civil Code section 1798.82 by failing to timely notify Class members that their information was compromised;

e.   Whether Class members may obtain injunctive relief under Civil Code section 1798.84 or under Business and Professions Code sections 17200, *et seq.*;

f.   What security procedures Defendant must adopt to remedy the currently-inadequate state of their security systems;

g.   What notification policies Defendant must adopt to ensure they timely notify their customers of any future data breaches;

h.   Whether Defendant's conduct violates public policy;

i.   Whether Defendant has violated the laws asserted herein;

j.   Whether Plaintiff and the Class may recover monetary damages;

k.   Whether Plaintiff and the Class may obtain an order of restitution; and

l.   Whether Plaintiff and the Class may obtain injunctive relief.

39.   **TYPICALITY:** The claims of the Plaintiff are typical of the claims of all members of the Class because Defendant failed to reasonably preserve and protect Plaintiff's and the Class's Confidential Customer Data.

40.   **SUPERIORITY OF A CLASS ACTION:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant' conduct described in this Complaint. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a class action.

# V.   <u>CAUSES OF ACTION</u>

**<u>FIRST CAUSE OF ACTION</u>**
**NEGLIGENCE**
**AGAINST ALL DEFENDANT, ON BEHALF OF**
**PLAINTIFF AND THE CLASS**

41.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

42.   Defendant owed Plaintiff and the Class a duty to maintain processes and procedures that protect and ensure the confidentiality and protection from unauthorized use and disclosure of private information, including the Confidential Customer Data. Defendant themselves acknowledge this duty on their own websites, admitting that "[k]eeping [customer] information secure and confidential is a very

important responsibility of ours." *See* https://caliberhomeloans.com/tools-resources/legal/security (last accessed December 1, 2017).

43. Caliber owed a duty to Plaintiff and the other Class members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting their personal and financial information in its possession from being compromised, lost, stolen, accessed and misused by unauthorized persons. This duty included, among other things, designing, maintaining, and testing Caliber's security systems to ensure that Plaintiff' and the other Class members' personal and financial information in Caliber's possession was adequately secured and protected. Caliber further owed a duty to Plaintiff and the other Class members to implement processes that would detect a breach of its security system in a timely manner and to timely act upon warnings and alerts, including those generated by its own security systems.

44. Caliber owed a duty of care to Plaintiff and the other Class members because they were foreseeable and probable victims of any inadequate security practices. Caliber solicited, gathered, and stored the personal and financial data provided by Plaintiff and the other Class members to facilitate its provision of credit score and other financial information to customers. Caliber knew it inadequately safeguarded such information on its computer systems and that hackers routinely attempted to access this valuable data without authorization.

45. Caliber's duty to use reasonable data security measures also arose under Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits "unfair…practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect Personal Information by companies such as Caliber. Various FTC publications and data security breach orders further form the basis of Caliber's. In addition, individual states have enacted statutes based upon the FTC Act that also created a duty. For this reason, Caliber was *negligent per se* for failing to comply with the above-discussed statues.

46.     Caliber owed a duty to timely and accurately disclose to Plaintiff and the other Class members that their personal and financial information had been or was reasonably believed to have been compromised. Timely disclosure was required, appropriate and necessary so that, among other things, Plaintiff and the other Class members could take appropriate measures to avoid unauthorized charges to their credit or debit card accounts, cancel or change usernames and passwords on compromised accounts, monitor their account information and credit reports for fraudulent activity, contact their banks or other financial institutions that issue their credit or debit cards, obtain credit monitoring services and take other steps to mitigate or ameliorate the damages caused by Caliber's misconduct

47.     Caliber's own conduct also created a foreseeable risk of harm to Plaintiff and the other Class members. Caliber's misconduct included, but was not limited to, its failure to take the steps and opportunities to prevent and stop the data breach as set forth herein. Caliber's misconduct also included its decision not to comply with industry standards for the safekeeping and maintenance of the personal and financial information of Plaintiff and the other Class members.

48.     Defendant breached their duty of care by (1) failing to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; and (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy.

49.     Defendant knew, or should have known, that these failures would cause this foreseeable harm that Plaintiff and the Class suffered.

50.   Defendant actually and proximately caused the damages that Plaintiff and the Class suffered as a result of Defendant's breach of duty. The theft and exploitation of Plaintiff's identity—as well as the identities of his fellow class members—was proximately caused by Defendant's actions and/or failure to act.

51.   In all, the injuries suffered by Plaintiff and members of the Class as a direct result of the Breach include:

a.   Unauthorized charges on their debit and credit card accounts;

b.   Theft of their personal and financial information;

c.   Costs associated with the detection and prevention of identity theft and unauthorized use of their financial accounts;

d.   Loss of use of and access to their account funds, and costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including decreased credit scores and adverse credit notations;

e.   Costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate and deal with the actual and future consequences of the data breach, including finding fraudulent charges, cancelling and reissuing cards, purchasing credit monitoring and identity theft protection services, imposition of withdrawal and purchase limits on compromised accounts, and the stress, nuisance and annoyance of dealing with all issues resulting from the breach;

f.   The imminent and certainly impending injury flowing from potential fraud and identify theft posed by their credit card and personal information being placed in the hands of criminals and already misused via the sale of Consumer Plaintiff' and Class members' information on the Internet card black market;

g.   Damages to and diminution in value of their personal and financial information entrusted to Defendant for the sole purpose of purchasing

financial products or services from Defendant and with the mutual understanding that Defendant would safeguard Plaintiff's and Class members' data against theft and not allow access and misuse of their data by others;

h. Overpayments paid to Caliber for financial products and services purchased during or after the Breach in that a portion of the price for such products or services paid by the Class to Caliber was for the costs of Caliber providing reasonable and adequate safeguards and security measures to protect customers' financial and personal data, which Caliber did not do, and as a result, Plaintiff and members of the Class did not receive what they paid for and were overcharged by Caliber; and

i. Continued risk to their financial and personal information, which remains in the possession of Caliber and which is subject to further breaches so long as Caliber fails to undertake appropriate and adequate measures to protect Plaintiff's and Class members' data in its possession.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE RIGHT TO PRIVACY
### UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTION 1
### AGAINST ALL DEFENDANT, ON BEHALF OF PLAINTIFF
### AND THE CLASS

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

53. The California Constitution states:

> *All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.*

54. California has enacted numerous laws that exemplify this right, including the Information Practices Act of 1977 (Civ. Code, § 1798, *et seq*.), the Confidentiality of Social Security Numbers (Civ. Code, § 1798.85, *et seq*.), and California Code of Regulations, Title 5, Sections 42396-42396.5.

55.   Plaintiff and the Class have an interest in precluding the dissemination and misuse of sensitive and confidential information—specifically, the Confidential Customer Data.

56.   Plaintiff and the Class had a reasonable expectation that the Confidential Customer Data would remain private and protected, and that Defendant would maintain adequate security procedures to ensure that reasonable expectation was met.

57.   Despite this reasonable expectation, Defendant egregiously failed to institute adequate security measures, resulting in the Breach. They avoided instituting these adequate security measures in order to save funds and churn a higher profit, risking their customers' Confidential Customer Data in exchange for higher profit margins.

58.   Defendant violated Plaintiff's and the Class's right to privacy by (1) failing to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; and (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy.

59.   Plaintiff and the Class have suffered injury in fact as a direct result of Defendant's failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial.

60.   Plaintiff and the Class also seek injunctive relief including, but not limited to: (1) ordering that Defendant utilize strong industry standard encryption algorithms for encryption keys that provide access to stored personal data; (2) ordering that Defendant implement the use of encryption keys in accordance with

industry standards; (3) ordering that Defendant, consistent with industry standard practices, engage third party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests and audits on Defendant' systems on a periodic basis; (4) ordering that Defendant engage third party security auditors and internal personnel, consistent with industry standard practices, to run automated security monitoring; (5) ordering that Defendant audit, test and train its security personnel regarding any new or modified procedures; (6) ordering that Defendant, consistent with industry standard practices, segment personal data by, among other things, creating firewalls and access controls so that if one area of Defendant's systems is compromised, hackers cannot gain access to other portions of Defendant's systems; (7) ordering that Defendant purge, delete, destroy in a reasonably secure manner personal data not necessary for its provisions of services; (8) ordering that Defendant, consistent with industry standard practices, conduct regular database scanning and security checks; (9) ordering that Defendant, consistent with industry standard practices, evaluate web applications for vulnerabilities to prevent web application threats; and (10) ordering that Defendant, consistent with industry standard practices, periodically conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach.

61.     Plaintiff further requests that the Court order Defendant to notify all members of the Class who have not yet been informed of the data breach, and to notify affected persons of any future data breaches by email within twenty-four hours of Defendant's discovery of the breach or possible breach, and to do the same by mail within five business days.

[*rest of page intentionally left blank*]

**THIRD CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES,**
**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.*
**AGAINST ALL DEFENDANT, ON BEHALF OF PLAINTIFF**
**AND THE CLASS**

62.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

63.     California Business & Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice. . . ." As discussed above, Defendant violated this code.

64.     Specifically, Defendant violated Business & Professions Code section 17200 by (1) failing to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy; and (5) by failing to comply with laws applicable to the management of the Confidential Customer Data.

65.     Plaintiff bases this claim on violations of the following laws:

        a.     California Civil Code section 1798.80, *et seq.*, the California Information Practices Act;

        b.     The Privacy Act of 1974, 5 U.S.C. §§ 552a, which prevents collectors of personal data from allowing that data to be disseminated without authorization from the originator of that data; and

        c.     Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, which prohibits "unfair...practices in or affecting

commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect Personal Information by companies such as Caliber. Various FTC publications and data security breach orders further form the basis of Caliber's. In addition, individual states have enacted statutes based upon the FTC Act that also created a duty

66.   Plaintiff suffered lost money from his Wells Fargo bank account, from which funds were transferred without his consent. *See* Bus. & Prof. Code § 17204.

67.   Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

68.   Plaintiff and the Class have suffered injury in fact as a direct result of Defendant's failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial.

69.   Plaintiff and the Class also seek injunctive relief as described above.

70.   Plaintiff and the Class also seek an order mandating Defendant create new notification practices, as described above.

71.   Additionally, pursuant to Business & Professions Code section 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA INFORMATION**
**PRACTICES ACT CIVIL CODE §§ 1798.80,** *et seq.*
**AGAINST ALL DEFENDANT, ON BEHALF OF PLAINTIFF**
**AND THE CLASS**

72.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

73.   The Legislature enacted the Information Practices Act of 1977 because:

(a) The right of privacy is being threatened by the indiscriminate collection, maintenance, and dissemination of personal information and the lack of effective laws and legal remedies.

(b) The increasing use of computers and other sophisticated information technology has greatly magnified the potential risk to individual privacy that can occur from the maintenance of personal information.

(c) In order to protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits.

(Civ. Code, § 1798.1.)

74.   Defendant violated Civil Code section 1798.81.5 by (1) failing to create and/or maintain sufficient security systems or protocols to prevent the unauthorized use, access, disclosure, and/or compromise of Plaintiff's and the Class's Confidential Customer Data; (2) failing to promptly and/or adequately mitigate the damages flowing from the original breach; (3) failing to properly dispose of the Confidential Customer Data when its legitimate usefulness ceased; and (4) failing to properly remedy the breach by waiting over five months to notify customers of the breach, leaving Plaintiff and the Class without the information they need to properly protect their finances, identity, and privacy.

75.   Civil Code sections 1798.81.5 and 1798.82 authorize the Court to enjoin Defendant from further and/or continuing violations.

76.   Plaintiff and the Class have suffered injury in fact as a direct result of Defendant' failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the Class request damages in an amount to be proven at trial.

77.   Plaintiff and the Class also seek injunctive relief as described above.

78.   Plaintiff and the Class also seek an order mandating Defendant create new notification practices, as described above.

**FIFTH CAUSE OF ACTION**
**BAILMENT**
**AGAINST ALL DEFENDANT, ON BEHALF OF PLAINTIFF**
**AND THE CLASS**

79.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

80.   Plaintiff and the other Class members provided, or authorized disclosure of, their personal and financial information to Caliber for the exclusive purpose of Caliber preparing consumer reports, credit monitoring and identity theft protection, and similar services and legitimate business uses.

81.   In allowing their personal and financial information to be made available to Caliber, Plaintiff and the other Class members intended and understood that Caliber would adequately safeguard their personal and financial information.

82.   Caliber accepted possession of Plaintiff's and the other Class members' personal and financial information for the purpose of making available to Plaintiff and the other Class members Caliber's services for their benefit.

83.   By accepting possession of Plaintiff's and the other Class members' personal and financial information, Caliber understood that Plaintiff and the other Class members expected Caliber to adequately safeguard their personal and financial information. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties. During the bailment (or deposit), Caliber owed a duty to Plaintiff and the other Class members to exercise reasonable care, diligence, and prudence in protecting their personal and financial information.

84.   Caliber breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiff's and the other Class members' personal and financial information, resulting in the unlawful and unauthorized access to and misuse of Plaintiff' and the other Class members' personal and financial information.

85.   Caliber further breached its duty to safeguard Plaintiff's and the other Class members' personal and financial information by failing to timely and

accurately notify them that their information had been compromised as a result of the Caliber Data Breach.

86.   As a direct and proximate result of Caliber's breach of its duty, Plaintiff and the other Class members suffered consequential damages that were reasonably foreseeable to Caliber, including but not limited to the damages set forth above. As a direct and proximate result of Caliber's breach of its duty, the personal and financial information of Plaintiff and the other Class members entrusted, directly or indirectly, to Caliber during the bailment (or deposit) was damaged and its value diminished.

## VI.   <u>PRAYER FOR RELIEF</u>

Plaintiff prays for judgment against Defendant, on behalf of himself and the Class, as follows:

1.   For an order certifying the class as described herein;

2.   For compensatory damages according to proof;

3.   For enhanced damages and civil penalties as permitted under California law;

4.   For pre-judgment and post-judgment interest where allowable;

5.   For costs of suit;

6.   For injunctive relief, as described herein;

7.   For restitution;

8.   For punitive damages, where appropriate;

9.   For reasonable attorneys' fees; and

10.   For such other and further relief as this Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff requests a jury on all triable issues.

[*signature of counsel appears on following page*]

Respectfully submitted:

Dated:  July 6, 2018                    **NICHOLAS & TOMASEVIC, LLP**

                                        By:    */s/ David G. Greco*
                                               Craig M. Nicholas (SBN 178444)
                                               Alex Tomasevic (SBN 245598)
                                               David G. Greco (SBN 299635)
                                               225 Broadway, 19th Floor
                                               San Diego, California 92101
                                               Telephone:   (619) 325-0492
                                               Facsimile:    (619) 325-0496
                                               Email: cnicholas@nicholaslaw.org
                                               Email: atomasevic@nicholaslaw.org
                                               Email: dgreco@nicholaslaw.org

                                               Attorneys for Plaintiff