1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NICHOLAS & TOMASEVIC, LLP**
    Craig M. Nicholas (SBN 178444)
    Alex Tomasevic (SBN 245598)
    David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:    (619) 325-0492
Facsimile:    (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: dgreco@nicholaslaw.org

Attorneys for Plaintiff
SALAM RAZUKI

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and behalf of others similarly situated; <br><br> Mr. Razuki, <br><br> vs. <br><br> CALIBER HOME LOANS, INC., a Delaware corporation; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No.: 3:17-cv-01718-LAB-WVG <br><br> **PLAINTIFF SALAM RAZUKI'S RESPONSE IN OPPOSITION TO DEFENDANT CALIBER HOME LOANS, INC.'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT** <br><br> **Hearing Date:** August 27, 2018 <br> **Time:** 11:30 a.m. <br> **Courtroom:** 14A <br><br> **Judge**: Hon. Larry Alan Burns <br> **Magistrate**: Hon. William V. Gallo <br><br> **Complaint Filed:** July 18, 2017 <br> **Removal Filed:** August 24, 2017 |

1

## TABLE OF CONTENTS

2    I.    INTRODUCTION ................................................................. 1

3    II.   BACKGROUND .................................................................. 1

4          A.    Mr. Razuki's Second Amended Complaint ..................... 1

5          B.    This Court's Order Dismissing the Complaint with
                 Leave to Amend ............................................................ 2
6
           C.    Mr. Razuki's Third Amended Complaint ....................... 3
7
     III.  STANDARD ....................................................................... 5
8
     IV.   ARGUMENT ....................................................................... 5
9
10         A.    Mr. Razuki's Negligence Claim is Sufficiently Pled.
                 He Has Included Details About the Who, What, and
11               How of the Behavior at Issue......................................... 5

12               1.    Who Informed Mr. Razuki About the Fraudulent
                       Transactions?....................................................... 5

13               2.    What Fraudulent Transactions Were Made? ............ 6

14               3.    How did Mr. Razuki Manage the Fallout, and What
                       Remedial Measures did He Spend Money On? ........ 6
15
                 4.    Mr. Razuki Alleges That He and The Class Suffered
16                     Harm ................................................................... 6

17         B.    Mr. Razuki's California Information Practices Act
                 Claim Survives Because he Alleged Why Defendant's
18               Mitigation Failed and That Defendant Improperly
                 Retained his Data ......................................................... 6
19
                 1.    Mr. Razuki Pointed to Defendant's Failed Efforts to
20                     Mitigate the Breach............................................... 7

21               2.    Mr. Razuki Explained that Defendant Retained His
                       Data Long After it was Reasonable to do so ........... 7
22
           C.    Mr. Razuki's Unfair Competition Claim Survives
23               Because He Corrected the Deficiencies in his CIPA
                 Claim and Described his Lost Money and Property......... 7
24
                 1.    Mr. Razuki Cured the Defects with his CIPA Claim ... 7
25
                 2.    Mr. Razuki Pled Additional Laws Upon Which He
26                     Bases the Unfair Competition Claim ...................... 8

27               3.    Mr. Razuki Alleged Lost Funds............................... 9

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.**    **Defendant's Standing Argument Has No Leg to Stand On** ..................................................................................... 9

     *1.*    *Defendant is Not Entitled to Reconsideration* ........................... 9

     *2.*    *Even if Reconsidered, this Court's Prior Standing Ruling Stands* ........................................................................ 10

         a.    Mr. Razuki Adequately Alleged Injury-in-Fact When He Pled a Credible Threat to his Data ................................................................................ 10

         b.    Mr. Razuki Further Established Injury-in-Fact When He Pled the Costs of Remedial and Protective Measures ............................................... 12

         c.    Defendant Feigns Ignorance of Razuki's Causation Allegations .................................................. 12

**E.**    **In the Alternative, the Court Must Grant Leave to Amend if it Grants this Motion** .......................................... 13

**V.**    **CONCLUSION** ................................................................................. 14

1

# TABLE OF AUTHORITIES

2

**CASES**

3

*Alborzian v. JP Morgan Chase Bank, N.A.,*
    235 Cal. App. 4th 29 (2015) ................................................................9

4

5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)............................................................................5

6

*Bayer v. Neiman Marcus Group, Inc.,*
    861 F.3d 853 (9th Cir. 2017) ...........................................................10

7

8

*Broam v. Bogan,*
    320 F.3d 1023 (9th Cir. 2003) .........................................................13

9

*C.F. Ex. Rel. Farnan v. Capistrano Unified Sch. Dist.,*
    654 F.3d 975 (9th Cir. 2011) ...........................................................13

10

11

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.,*
    20 Cal. 4th 163 (1999) ......................................................................8

12

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.,*
    2016 WL 6523428 (S.D. Cal. Nov. 3, 2016)..................................11

13

14

*Federal Trade Commission v. Wyndham Worldwide Corp.,*
    799 F.3d 236 (3d Cir. 2015) .............................................................8

15

*In re Adobe Systems, Inc. Privacy Litigation,*
    66 F. Supp. 3d 1197 (N.D. Cal. Sept. 4, 2014).........................11, 13

16

17

*In re Anthem, Inc. Data Breach Litigation,*
    2016 WL 3029783 (N.D. Cal. May 27, 2016).................................12

18

*Kona Enterprises, Inc. v. Estate of Bishop,*
    229 F.3d 877 (9th Cir. 2000) ...........................................................10

19

20

*Krottner v. Starbucks Corp.,*
    628 F.3d 1139 (9th Cir. 2010) ...................................................10, 11

21

*LabMD, Inc. v. Federal Trade Commission,*
    894 F.3d 1221 (11th Cir. 2018) .........................................................8

22

23

*Lewert v. P.F. Chang's China Bistro, Inc.,*
    819 F.3d 963 (7th Cir. 2016) ...........................................................11

24

*Maine State Retirement Sys. V. Countrywide Fin. Corp.,*
    722 F. Supp. 2d 1157 (C.D. Cal. 2010)............................................5

25

26

*Maine State Retirement Sys. v. Countrywide Financial Corp.,*
    722 F. Supp. 2d 1157 (C.D. Cal. 2010)..........................................12

27

*Majd v. Bank of America, N.A.,*
    243 Cal. App. 4th 1293 (2015) .........................................................9

28

*People v. E.W.A.P., Inc.,*
  106 Cal. App. 3d 315 (1980) ...............................................................8

*Rex v. Chase Home Finance, LLC,*
  905 F. Supp. 2d 1111 (N.D. Cal. 2012) .............................................9

*Smith v. Massachusetts,*
  543 U.S. 462 (2005)..............................................................................9

*Starr v. Baca,*
  652 F.3d 1202 (9th Cir. 2011) .............................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
  551 U.S. 308 (2007)........................................................................5, 12

**FEDERAL STATUTES**

15 U.S.C. § 45 (Federal Trade Commission Act)....................................8

5 U.S.C. § 552a (The Privacy Act of 1974)............................................8

Fed. R. Civ. P. 15 ....................................................................................13

Fed. R. Civ. P. 8 ........................................................................................5

**OTHER AUTHORITIES**

William L. Stern, Business & Profession Code Section 17200 Practice,
  Ch. 3-F, § 3:56 (The Rutter Group, 2015)..........................................8

**RULES**

S.D. Cal. Civ. R. 15.1 ...............................................................................3

S.D. Cal. Civ. R. 7.1 ...........................................................................9, 10

**STATE STATUTES**

Cal. Civ. Code § 1798.81.5........................................................................6

# I.      INTRODUCTION

Salam Razuki's data was exposed during a Caliber Home Loans data breach. He had to spend significant time, money, and energy addressing the breach when people tried to open accounts in his name and take his money once they had his sensitive information.

Mr. Razuki sued Defendant on behalf of himself and everyone else who had been harmed. Defendant moved to dismiss the first complaint claiming that Mr. Razuki lacked standing to sue and that he had failed to adequately state his causes of action.  This Court disagreed with Caliber on the first point—finding that Mr. Razuki had alleged standing. However, the Court agreed that Mr. Razuki could state his claims with more particularity, and it granted the motion on those points but gave Mr. Razuki leave to amend. In doing so, the Court listed several questions that Mr. Razuki needed to answer for his complaint to survive another challenge.

Mr. Razuki has answered each of those questions and provided adequate details regarding Defendant's liability. Defendant is on sufficient notice of the claims against it and Mr. Razuki's claims are plausible. Defendant's request to dismiss those causes of action must be denied. Also, the Court need not give any serious consideration to Defendant's request to reconsider its prior ruling that Mr. Razuki sufficiently alleged standing. The Court has already ruled on that issue, and Defendant's discontent with that ruling is not a basis for reversal. Defendant's motion must be denied.

# II.     BACKGROUND

## A.      Mr. Razuki's Second Amended Complaint

On or around January 18, 2017, unauthorized individuals gained access to Defendant's electronically-stored loan files, including documents containing Mr. Razuki's personally-identifying information. The unauthorized individuals also obtained information that made it possible to access Defendant's customers' online accounts. (This event is referred to as the "Breach.") Doc. No. 16 at ¶ 13. The purpose

of the Breach was to obtain information related to Defendant's customers, including private credit and identity-related information that could be used for fraudulent purposes in the future. *Id.* at ¶ 17.

The information accessed included: social security numbers; driver's license numbers; military or other government ID numbers; dates of birth; financial account names, numbers, and statements; digital signatures and/or information that could be used to access a Class Members' online account or data storage sites; borrower submission data; health insurance information; and medical ID numbers. (This information is collectively referred to as "Confidential Customer Data.") *Id.* at ¶ 15.

After the Breach, Mr. Razuki was informed that an unknown party attempted to make fraudulent transactions in his name, including the opening of new credit accounts. *Id.* at ¶ 16. To ensure further fraudulent charges do not occur, Mr. Razuki took remedial measures, which were necessary and which cost him time, money, and energy. Mr. Razuki continues to remain vigilant of other possible methods that would protect his credit and his identity, as the threat to his identity safety is ongoing. *Id.* ¶ 19; *see id.* at ¶ 22(a)–(i). Defendant's failure to maintain adequate security protocols actually and proximately caused the exposure of Mr. Razuki's data, the ensuing attempts to exploit Mr. Razuki's information, and thus necessitated the remedial measures which Mr. Razuki deployed. *Id.* ¶¶ 16, 49.

**B.    This Court's Order Dismissing the Complaint with Leave to Amend**

On June 8, 2018, this Court granted Defendant's motion to dismiss in part. It granted leave to amend. *See generally* Doc. No. 27, Order of Dismissal. First, the Court rejected Defendant's contention that Mr. Razuki's complaint did not satisfy Article III's standing requirements. *Id.* at 1:23–2:19. Second, the Court turned to the merits of each cause of action.

On Mr. Razuki's first cause of action for negligence, the Court noted that Mr. Razuki "says he 'was informed that an unknown party attempted to make numerous fraudulent transactions in his name'; he 'spent time, money, energy, and effort

managing the fallout'; and he 'took remedial measures.'" *Id.* at 3:3–6. The Court then asked "[w]ho 'informed him' and what 'fraudulent transactions' were made? How did he 'manage the fallout'? What 'remedial measures' did he spend money on?" *Id.* at 3:6–8. It also expressed concern about Mr. Razuki's disjunctive allegation that he "'and/or members of the Class' suffered harm." *Id.* at 3:8–9.

Next, the Court determined that Mr. Razuki needed "to hum a few more bars about" his third cause of action for violations of the California Consumer Records Act. *Id.* at 5:1–2. It noted that Mr. Razuki "probably can't make specific and definitive allegations about how Caliber's security was insufficient before discovery," but that Mr. Razuki should address "why mitigation was 'inadequate' or disposal of customer information was 'improper.'" *Id.* at 4:28–5:3.[1]

Last, the Court dismissed Mr. Razuki's claim under the Unfair Competition Statute, California Business and Professions Code § 17200, because: (1) Mr. Razuki based that cause of action on other statutes, the claims under which the Court had dismissed; and (2) Mr. Razuki hadn't "sufficiently alleged lost money or property.'" *Id.* at 5:27–6:2. The Court granted leave to amend.[2]

## C.   Mr. Razuki's Third Amended Complaint

Mr. Razuki filed a Third Amended Complaint ("TAC") that added the following allegations:

- Experian notified Mr. Razuki via email that someone attempted to open a credit card in his name. Doc. No. 30–1, Mr. Razuki's Third Amended Class Action Complaint, Redlined Version (*see* S.D. Cal. Civ. R. 15.1(c)) ("Redlined Complaint") at ¶15.

- Wells Fargo called Mr. Razuki to notify him that someone had moved money from his bank account. *Id.* at ¶ 18. Mr. Razuki lost that money. *Id.* ¶ 66.

---

[1] The Court then dismissed Mr. Razuki's Consumer Legal Remedies Act claim without leave to amend. *Id.* at 5:7–23.

[2] The Court also dismissed Mr. Razuki's claim under the California Constitution without prejudice. *Id.* at 4:10–13. Mr. Razuki consents to dismissal of this claim and thus does not further address it.

1

- Defendant waited five months to notify its customers of the breach. *Id.* at ¶ 58.[3]

2

- Mr. Razuki had to pay for Experian's credit monitoring service. *Id.* at ¶ 13.

3

4

- Mr. Razuki lost sales from his business because he had to neglect it in order to respond to the fraudulent transactions—the credit card attempt and funds transfer—that resulted from the breach. *Id.* ¶ 17(a).

5

6

7

- Defendant had no reason to retain Mr. Razuki's personal identifying information after it closed his home loan application, and Defendant was negligent and violated the law in retaining the data for as long as it did. *Id.* at 28.

8

- Defendant tried, but failed, to mitigate the damage done by the Breach, because it did not stop the fraudulent removal of money from Mr. Razuki's bank account or the attempt to open a credit card in his name. *Id.* at ¶ 27.

9

10

11

- Defendant's offer of Experian credit monitoring did not sufficiently protect Mr. Razuki or the Class from harm because Experian and other credit monitoring services do not notify the user about transfers of funds from their bank accounts. *Id.* at ¶ 27(c).

12

13

- Defendant knew that it had access to higher quality security protocols and that their system faced the threat of intrusion, but intentionally and egregiously failed to upgrade their systems. *Id.* at ¶ 23.

14

15

- Mr. Razuki bases his Unfair Competition claim on: the California Information Practices Act (Cal. Civ. Code § 1798.80, *et seq.*); The Privacy Act of 1974 (5 U.S.C. § 552a; and the Federal Trade Commission Act, 15 U.S.C. § 45. *Id.* ¶ 65.

16

17

The TAC also corrected the conjunctive-disjunctive allegation about harm. *See id.* at

18

¶ 24, 51. Mr. Razuki now alleges that both he *and* the Class were damaged in the

19

same manner. *Id.*[4] For example, Caliber told the state of California that many of its

20

customers had their information compromised in the breach, like Mr. Razuki did.

21

Doc. No. 16 ¶ 24; https://oag.ca.gov/system/files/Sample%20Notice_11.pdf.

22

Defendant again moved to dismiss, largely repeating the arguments it

23

presented in its motion to dismiss Mr. Razuki's SAC. Doc. No. 31-1. It also sought

24

reconsideration of this Court's ruling that Razuki had alleged standing. *Id.*

25

---

26

[3] It is reasonable to infer that Mr. Razuki would not have paid for Experian had he known earlier that Defendant was going to provide it for free. *Cf. id.* at ¶ 15.

27

[4] Mr. Razuki also added a cause of action for Bailment, but he consents to the dismissal of that cause of action.

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## III.  STANDARD

To survive a 12(b)(6) motion to dismiss, a plaintiff need only plead facts that allow the court "to draw the reasonable inference" that the defendant committed "the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a) (instructing that plaintiff need only plead "a short and plain statement of the claim showing [entitlement] to relief."). In other words, a district court may grant a motion to dismiss "only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Courts must take the pleaded facts as true. *Id.* Likewise, judges must assess the complaint holistically, not in pieces. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (instructing courts to "consider the complaint in its entirety . . . ."); *Maine State Retirement Sys. V. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162–63 (C.D. Cal. 2010) (noting courts must avoid "isolating allegations and taking them out of context.").

## IV.  ARGUMENT

### A.  Mr. Razuki's Negligence Claim is Sufficiently Pled.  He Has Included Details About the Who, What, and How of the Behavior at Issue.

Razuki pled the elements of negligence and facts supporting that claim. *See* Doc. No. 30, Third Amended Complaint, at ¶¶ 7–28, 42–47 (duty), 48–49 (breach), 50 (causation), 51 (damages). As discussed above, this Court asked Mr. Razuki to clarify various questions about the negligence cause of action. *Id.* at 3:6–8. It also expressed concern about Mr. Razuki's conjunctive-disjunctive allegation that he "'and/or members of the Class' suffered harm." *Id.* at 3:8–9. Mr. Razuki's TAC answers each of this Court's questions and corrects the harm allegation.

#### 1.   *Who Informed Mr. Razuki About the Fraudulent Transactions?*

Experian notified Mr. Razuki via email that someone attempted to open a credit card in his name. *See* Doc. No. 30–1, Redlined Complaint, at ¶ 15. Also, Wells Fargo

1  called Mr. Razuki to notify him that someone had moved money from his bank
2  account. *Id.* at ¶ 18.

3              2.    *What Fraudulent Transactions Were Made?*

4        As discussed above, Mr. Razuki pled two fraudulent transactions: an attempt
5  to open a credit card in his name, and the movement of funds from his Wells Fargo
6  bank account. *Id.* at ¶ 15, 18.

7              3.    *How did Mr. Razuki Manage the Fallout, and What Remedial*
8                      *Measures did He Spend Money On?*

9        Mr. Razuki had to pay for Experian's credit monitoring service. *Id.* at ¶ 13. He
10 also lost sales from his business because he had to neglect it in order to respond to
11 the fraudulent transactions—the credit card attempt and funds transfer—that resulted
12 from the breach. *Id.* ¶ 17(a).

13             4.    *Mr. Razuki Alleges That He and The Class Suffered Harm*

14       Mr. Razuki has corrected the conjunctive-disjunctive allegation about harm.
15 *See id.* at ¶ 24, 51. He now alleges that both he *and* the Class were damaged. *Id.*

16     **B.**    **Mr. Razuki's California Information Practices Act Claim Survives**
17             **Because he Alleged Why Defendant's Mitigation Failed and That**
            **Defendant Improperly Retained his Data**

18       The California Information Practices Act seeks to "encourage businesses that
19 own, license, or maintain personal information about Californians to provide
20 reasonable security for that information." Cal. Civ. Code § 1798.81.5(a)(1). To that
21 end, it mandates that businesses "implement and maintain reasonable security
22 procedures and practices appropriate to the nature of the information, to protect the
23 personal information from unauthorized access, destruction, use, modification, or
24 disclosure." *Id.* at § 1798.81.5(b). Mr. Razuki alleges that Defendant violated the
25 California Information Practices Act ("CIPA") when it failed to delete his data after
26 Defendant no longer needed it, maintained lax security procedures, and failed to
27 timely notify Class members of the breach (it waited more than five months). Doc.
28 No. 30 at ¶¶ 22–28 62–70.

                    3:17-cv-01718-LAB-WVG
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Court determined that Mr. Razuki needed "to hum a few more bars about" his third cause of action. *Id.* at 5:1–2. It noted that Mr. Razuki "probably can't make specific and definitive allegations about how Caliber's security was insufficient before discovery," but that Mr. Razuki should address "why mitigation was 'inadequate' or disposal of customer information was 'improper.'" *Id.* at 4:28–5:3.

### 1. Mr. Razuki Pointed to Defendant's Failed Efforts to Mitigate the Breach

Mr. Razuki asserts that Defendant tried, but failed, to mitigate the damage done by the Breach, because it did not stop the fraudulent removal of money from Mr. Razuki's bank account or the attempt to open a credit card in his name. *Id.* at ¶ 27. Thus, he has answered this Court's first question about this cause of action.

### 2. Mr. Razuki Explained that Defendant Retained His Data Long After it was Reasonable to do so

Mr. Razuki alleged Defendant had no reason to retain Mr. Razuki's personal identifying information after it closed his home loan application, and Defendant violated the law in retaining the data for as long as it did. *Id.* at 28. The Court's second question has been answered. Thus, the Court must deny Defendant's request to dismiss it.

### C. Mr. Razuki's Unfair Competition Claim Survives Because He Corrected the Deficiencies in his CIPA Claim and Described his Lost Money and Property

As discussed above, the Court dismissed this claim with leave to amend because (1) Mr. Razuki based that cause of action on his CIPA claim, which the Court had dismissed; and (2) Mr. Razuki hadn't "sufficiently alleged lost money or property.'" *Id.* at 5:27–6:2.

### 1. Mr. Razuki Cured the Defects with his CIPA Claim

UCL defines "unfair competition" broadly to include any unlawful act or practice. *Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal. 4th

163, 180 (1999).   The UCL permits violations of other laws to be treated as independently actionable as unfair competition.  *Id.*  Indeed:

> Virtually any law or regulation – federal or state, statutory or common law – can serve as a predicate for a § 17200 'unlawful' violation. Thus, if a 'business practice' violates any law – literally – it also violates § 17200 and may be redressed under that section.

William L. Stern, Business & Profession Code Section 17200 Practice, Ch. 3-F, § 3:56 (The Rutter Group, 2015) (*citing People v. E.W.A.P., Inc.,* 106 Cal. App. 3d 315, 319 (1980)).

Mr. Razuki alleges that Defendant failed to do any of that. *See* Doc. No. 30–1, Redlined Complaint, at ¶¶ 23, 27, 28. Section B explains why Mr. Razuki has cured his CIPA claim. The Thus, he can base his unfair competition claim on that statute.

> 2.   *Mr. Razuki Pled Additional Laws Upon Which He Bases the Unfair Competition Claim*

In addition to the CIPA claim, Mr. Razuki's Unfair Competition cause of action is properly based on: The Privacy Act of 1974 (5 U.S.C. § 552a); and the Federal Trade Commission Act (15 U.S.C. § 45). Independently, each of those statutes would support this claim.

The Privacy Act of 1974 prevents collectors of personal data from allowing dissemination of that data without the consent of the person who provided that data. 5 U.S.C. § 552a. Mr. Razuki alleged that Defendant knew its security protocols were lax, its data retention policies were poor, and that it was putting its customers' data at risk. Doc. No. 30–1, Redlined Complaint, at ¶¶ 23, 28. He also alleged that that behavior allowed hackers to access and steal his and the Class's data. *Id.* at 24.

Under 15 U.S.C. § 45, the Federal Trade Commission Act, companies must protect customers' personal data. *E.g.*, *LabMD, Inc. v. Federal Trade Commission*, 894 F.3d 1221, 1225–26 (11th Cir. 2018); *Federal Trade Commission v. Wyndham Worldwide Corp.*, 799 F.3d 236, 247–48 (3d Cir. 2015). Again, Mr. Razuki alleges that Defendant failed to do so. Doc. No. 30–1, Redlined Complaint, at ¶¶ 23, 27, 28.

In short, Mr. Razuki bases his Unfair Competition claim on three separate statutes that all have the same aim—data protection. As such, Defendant's motion to dismiss this claim fails.

### 3. Mr. Razuki Alleged Lost Funds

Mr. Razuki alleged lost funds in several respects. First, he had to pay for credit monitoring. Doc. No. 30 at ¶ 13. Also, someone stole money from his Wells Fargo bank account as a result of this breach. *Id.* at ¶¶ 18, 66. He also paid Defendant for products or services related to his loan and loan application, including fees paid to Defendant that were supposed to go toward sufficiently securing his personal data. *Id.* at ¶ 51(h). That satisfies Business and Professions Code section 17204 and resolves this Court's concern. *See Majd v. Bank of America, N.A.*, 243 Cal. App. 4th 1293, 1304 (2015). Moreover, California law considers a threat to a person's credit to be "lost money or property" within the statute's meaning. *Alborzian v. JP Morgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 38–39 (2015); *Rex v. Chase Home Finance, LLC*, 905 F. Supp. 2d 1111, 1146–1147 (N.D. Cal. 2012).

## D. Defendant's Standing Argument Has No Leg to Stand On

Defendant is unhappy with this Court's ruling that Mr. Razuki had satisfactorily alleged standing, so it asks the court to "*reconsider*" the ruling. See Doc. No. 31–1, Defendant's Points and Authorities In Support of Motion to Dismiss Mr. Razuki's Third Amended Complaint, ("MTD") at 6, n.2 (emphasis added). The request is unreasonable.

### 1. Defendant is Not Entitled to Reconsideration

First, if Defendant wanted the Court to reconsider this ruling, it should have filed a motion for reconsideration—and it should have done so within twenty-eight days of this Court's prior ruling. S.D. Cal. Civ. R. 7.1(i)(2) (setting twenty-eight-day cutoff for reconsideration applications); *cf. Smith v. Massachusetts,* 543 U.S. 462, 475 (2005) (explaining courts' power to reconsider prior orders). It did not. In any event, Defendant has not proffered "newly discovered evidence," proved that the

Court "committed clear error," or pointed to "an intervening change in the controlling law." *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* S.D. Cal. Civ. R. 7.1(i)(1) (requiring that applications for reconsideration include an affidavit that sets forth "the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."). Thus, Defendant has failed to establish that it is entitled to the "extraordinary remedy" of reconsideration. *See Kona Enterprises*, 229 F.3d at 890.

Second, Defendant justifies its request for reconsideration in part because it claims the Court ruled on standing "without the benefit of full briefing regarding the import of Mr. Razuki's failure to allege that his data was stolen." Doc. No. 31–1, MTD, at 6, n.2. In other words, Defendant wants a second bite at the apple because it thinks it did not do a good enough job the first time. Defendant has only itself to blame for any failures it noticed in its own briefing. That does not warrant reconsideration. *See Kona Enterprises*, 229 F3d at 890.

### 2.    *Even if Reconsidered, this Court's Prior Standing Ruling Stands*

To establish standing, a plaintiff need allege only that he has suffered "injury-in-fact," that is "concrete and particularized," and "actual or imminent," and that is "fairly traceable to the challenged action of the defendant." *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 861–62 (9th Cir. 2017) (*citing Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010)).

### a.    Mr. Razuki Adequately Alleged Injury-in-Fact When He Pled a Credible Threat to his Data

In the Ninth Circuit, a plaintiff meets the injury-in-fact requirement when they allege "a credible threat of harm," which includes exposure of personal data. *Krottner*, 628 F.3d at 1143; *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

2016 WL 6523428 at * 5 (S.D. Cal. Nov. 3, 2016); *In re Adobe Systems, Inc. Privacy Litigation*, 66 F. Supp. 3d 1197, 1213–14 (N.D. Cal. Sept. 4, 2014); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (explaining that immediate danger of injury satisfies Article III standing); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966–967 (7th Cir. 2016).

In *Krottner*, the Ninth Circuit held that Starbucks employees adequately alleged injury-in-fact when they asserted that someone had stolen an unencrypted laptop that contained their personal information, because the exposure of their personal data posed a "credible threat of real and immediate harm." *Krottner*, 628 F.3d at 1143. In doing so, the Court of Appeals explained the difference between a hypothetical future harm and a credible threat of immediate harm: "if no laptop had been stolen, and Plaintiffs had sued based on the risk that it would be stolen at some point in the future—we would find the threat far less credible." *Id.*

Similarly, the Northern District of California applied the same rule to find plaintiffs had suffered injury-in-fact when they claimed that "hackers deliberately targeted Adobe's servers and spent several weeks collecting names, usernames, passwords, email addresses, phone numbers, mailing addresses, and credit card numbers and expiration dates." *Adobe*, 66 F. Supp. 3d at 1214. The Court found that "the risk that Plaintiffs' personal data will be misused by the hackers who breached Adobe's network is immediate and very real." *Id.* at 1214–15.

Here, the Breach is functionally indistinguishable from *Krottner*'s laptop theft or *Adobe*'s server hack. Mr. Razuki faces a "credible threat of real and immediate harm" because his data has been compromised by the Breach, just as the Starbucks employees' personal information had been put at risk by the theft of the laptop. Razuki mirrors the *Adobe* plaintiffs in the same manner. Likewise, Razuki does not allege that some breach may "occur in the future;" it already happened, and Razuki has already felt the consequences—including attempted identity theft.  Thus, Mr. Razuki already has suffered injury-in-fact. *See Krottner*, 628 F.3d at 1143.

Mr. Razuki's data was actually accessed and stolen. The data includes information ripe for misuse, and which was actually misused. This breach allowed unauthorized individuals to fraudulently use Mr. Razuki's stolen data. Doc. No. 30 at ¶ 11. As such, Mr. Razuki adequately alleged injury-in-fact.

> b.   Mr. Razuki Further Established Injury-in-Fact When He Pled the Costs of Remedial and Protective Measures

In data breach cases, plaintiffs also suffer injury-in-fact when they incur out-of-pocket costs for measures designed to protect their data or remedy misuse of their personal information. *In re Anthem, Inc. Data Breach Litigation,* 2016 WL 3029783 at *26 (N.D. Cal. May 27, 2016). Mr. Razuki expressly alleges that he "spent time, money, energy, and effort managing the fallout from these attempted fraudulent transactions." Doc. No. 30 at ¶ 14. This ends the inquiry.

> c.   Defendant Feigns Ignorance of Razuki's Causation Allegations

Defendant asserts that Mr. Razuki failed to plead a connection between its insufficient security practices and Mr. Razuki's injury. In doing so, it ignores paragraphs 14, 16, 18, 24(a)–(i), 50, 59, 68, and 73–74, which allege that Defendant's failure to maintain adequate security protocols actually and proximately caused the exposure of Razuki's data, the ensuing attempts to exploit Razuki's information, and thus necessitated the remedial measures in which Razuki engaged. Doc. No. 30 at ¶¶ 14, 19, 21, 24(a)–(i), 50, 59, 68, and 73–74. Defendant's attempt to disregard large pieces of the complaint fails. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (instructing courts to "consider the complaint in its entirety . . . ."); *Maine State Retirement Sys. v. Countrywide Financial Corp.*, 722 F. Supp. 2d 1157, 1162–63 (C.D. Cal. 2010) (noting courts must avoid "isolating allegations and taking them out of context.").

*Adobe* is again illustrative—it found that those plaintiffs adequately pled that the threat to their private information was "fairly traceable" to Adobe's failure to

maintain reasonable security measures when that Mr. Razuki alleged that hackers stole their data from Adobe's servers, sought to use it to commit crimes using that information, and then actually did so. *Adobe*, 66 F. Supp. 3d at 1217. Mr. Razuki has alleged identical facts here.  Doc. No. 16 at ¶¶ 16, 18, 20, 22(a)–(i), 41, 49, 57, 65, and 77–78.  Defendant's causation argument fails. This Court's order on standing must stand. *See* Doc. No. 27, Order of Dismissal, at 1:23–2:19.

### E.   In the Alternative, the Court Must Grant Leave to Amend if it Grants this Motion

Courts must liberally grant leave to amend in the event they do grant a motion to dismiss. Fed. R. Civ. P. 15(a)(2); *e.g.*, *C.F. Ex. Rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003). If the Court grants any portion of Defendant's motion, Mr. Razuki respectfully request leave to amend to cure any defects. Mr. Razuki can and will, if required, provide more detail as to his dealings with Caliber, the injuries he suffered, and the resources he expended as a result.

[*rest of page intentionally left blank*]

# V.    CONCLUSION

Mr. Razuki has cured each issue about which this Court expressed concern. Defendant is not entitled to reconsideration of this Court's ruling on Mr. Razuki's standing, but reconsideration of that issue would not change the result. Except as otherwise noted,[5] the Court must deny Defendant's motion to dismiss.

Respectfully submitted:

Dated:  August 13, 2018

**NICHOLAS & TOMASEVIC, LLP**

By:    */s/ David G. Greco*
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:  (619) 325-0492
Facsimile:   (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: dgreco@nicholaslaw.org

Attorneys for Plaintiff

---

[5] Because Mr. Razuki consents to the dismissal of two causes of action, and because Defendant's other challenges to the complaint fail, Mr. Razuki requests this Court order that Defendants file an answer to Mr. Razuki's complaint. If the Court requests that Mr. Razuki file a Fourth Amended Complaint that removes the dismissed causes of action, he still requests this Court order that Defendant file an answer because Defendant is not entitled to repeat the same pleading challenges ad infinitum (though it seems insistent on trying).