COOLEY LLP
BENJAMIN KLEINE (257225) (bkleine@cooley.com)
LAURA M. ELLIOTT (286702) (lelliott@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone: (415) 693-2000
Facsimile:  (415) 693-2222

Attorneys for Defendant
Caliber Home Loans, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAM RAZUKI, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., a Delaware corporation,<br><br>Defendant. | Case No.  3:17-cv-01718-LAB-WVG<br><br>**CALIBER HOME LOANS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: October 22, 2018<br>Time: 11:30 a.m.<br>Courtroom: 14A<br>Judge: Hon. Larry Alan Burns |

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 1

    A.    Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted ............ 1

        1.    Plaintiff Fails to Allege the Necessary Elements of a Negligence Claim ................................................................................. 2

        2.    Plaintiff Fails to State a Claim Under the Consumer Records Act ........................................................................................... 3

        3.    Plaintiff Fails to State a Claim Under California's Unfair Competition Law (Cal Bus. & Prof. Code § 17200) ...................... 5

    B.    Plaintiff Lacks Article III Standing ............................................................... 8

    C.    The Court Should Dismiss Plaintiff's Claims with Prejudice ................ 10

III. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys., Inc. Privacy Litig.*,
    66 F. Supp. 3d 1197 (N.D. Cal. 2014) .............................................................. 9, 10

*Alborzian v. JP Morgan Chase Bank, N.A.*,
    235 Cal. App. 4th 29 (2015) .................................................................................. 7

*Bullen v. De Bretteville*,
    239 F.2d 824, 833 (9th Cir. 1956) ......................................................................... 8

*Doe v. Unocal Corp.*,
    27 F. Supp. 2d 1174 (C.D. Cal. 1998) ................................................................... 8

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
    No. 16-cv-0014, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) .............................. 9

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ................................................................................. 8

*Krottner v. Starbucks Corp.*,
    628 F.3d 1139 (9th Cir. 2010) ............................................................................... 9

*Lewert v. P.F. Chang's China Bistro, Inc.*,
    819 F.3d 963 (7th Cir. 2016) ................................................................................. 9

*Rex v. Chase Home Fin. LLC*,
    905 F. Supp. 2d 1111 (N.D. Cal. 2012) ................................................................. 7

*Shull v. Ocwen Loan Servicing, LLC*,
    No. 13-cv-2999, 2014 WL 1404877 (S.D. Cal. Apr. 10, 2014) ............................. 2

*Silva v. U.S. Bancorp*,
    No. 10-cv-1854, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ............................... 2

*Smith v. Massachusetts*,
    543 U.S. 462 (2005) ............................................................................................... 8

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii.   CASE NO. 3:17-CV-01718-LAB-WVG

DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff's failure to address—or even to acknowledge—the vast majority of the legal arguments raised in Caliber's Motion to Dismiss his Third Amended Complaint ("TAC") (ECF No. 30) shows that even he understands that his Complaint is insufficient as a matter of law.  Caliber identified numerous fundamental deficiencies in Plaintiff's allegations, including his failure to allege that Caliber was in possession of his data at the time of the January 2017 cyberattack, that his information was accessed in the attack, that he suffered any harm because of or even after the attack, or that Caliber took or failed to take any action that enabled the attack.  Caliber also explained in detail why Plaintiff's new allegations were insufficient to render his claims viable and identified numerous cases rejecting allegations similar to Plaintiff's.  Rather than address these issues, Plaintiff completely ignores them, choosing instead to abandon two of his claims and to focus on pointing out his "answers" to the *example* questions posed by the Court in its prior Order dismissing Plaintiff's Second Amended Complaint ("Order") (ECF No. 27).  Plaintiff's refusal to address the clear deficiencies in his allegations strongly suggests that his failure to include key details about his alleged injuries, including whether those injuries occurred before or after the January 2017 cyberattack, was a deliberate attempt to conceal facts that defeat his claims.  Moreover, as Plaintiff apparently recognizes, his addition of a handful of vague allegations does nothing to cure the core defects in his Complaint.  It is obvious from Plaintiff's response that he simply *has not and cannot* establish that he suffered an injury as a result of Caliber's information security practices.  Because no amendment could save Plaintiff's claims, his TAC should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's Opposition fails to address *any* of Caliber's legal arguments that his allegations do not state a claim against Caliber.  Rather than respond to Caliber's

12(b)(6) motion, Plaintiff explicitly consents to dismissal of his claims for violation of the California Constitution and for breach of bailment (Pl.'s Resp. in Opp'n, ECF No. 33 ("Opp'n") at 3 n.2, 4 n.4) and defends his remaining claims by merely restating the allegations in the TAC without wrestling with, countering, or even acknowledging any of Caliber's arguments on why those allegations are insufficient. He has thus failed to oppose Caliber's arguments and has thereby abandoned all of his claims. *See Shull v. Ocwen Loan Servicing, LLC*, No. 13-cv-2999, 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) ("By failing to respond to the arguments raised by Defendant on these claims, Plaintiff failed to oppose the motion to dismiss these claims. Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."); *Silva v. U.S. Bancorp*, No. 10-cv-1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.").

Indeed, Plaintiff's failure to oppose Caliber's arguments speaks volumes about the strength of his case. Caliber argued in its opening brief that the vagueness of Plaintiff's new allegations suggests that further specificity would defeat his claims, and Plaintiff's failure to respond to that argument indicates that Caliber is likely correct. In any event, because Plaintiff has not defended his claims, they must be dismissed for the reasons explained in Caliber's Motion and reiterated in brief below.

### 1. Plaintiff Fails to Allege the Necessary Elements of a Negligence Claim.

To state a claim for negligence, Plaintiff must allege facts demonstrating that Caliber breached a duty owed to Plaintiff and that the breach proximately caused him to suffer appreciable, nonspeculative, present harm. (Mem. of P. & A. in Supp. of Mot. to Dismiss, ECF No. 31-1 ("MTD") at 9.) Plaintiff does not dispute these requirements, nor does he address any of Caliber's arguments regarding his failure to meet them. (*See* MTD at 9-16.)

The Court previously dismissed Plaintiff's negligence claim because Plaintiff's allegations of harm stemmed from the danger of future harm and were "too vague for the Court or Caliber to evaluate." (Order at 2-3.) Plaintiff claims to have corrected these defects by adding details about "the who, what, and how of the behavior at issue." (Opp'n at 5-6.) However, Caliber argued that Plaintiff's new allegations do not allege that he suffered any actual, non-speculative damages and supported that argument with relevant precedent. (MTD at 9-13; Order at 2-3.) Plaintiff simply fails to respond to Caliber's arguments and makes no attempt to distinguish his allegations from those courts have found to be insufficient to support a negligence claim. (*See* MTD at 10-13 (citing authorities).)

Moreover, Plaintiff does not contest (and therefore concedes) that:

- His allegations regarding causation are defectively conclusory (MTD 13-14);
- He has not alleged facts establishing that Caliber breached any duty of care (MTD 14-15); and
- He cannot state a negligence per se claim based on a violation of the Federal Trade Commission Act ("FTC Act") (MTD at 15-16).

For all of these reasons, Plaintiff's negligence claim fails.

### 2. Plaintiff Fails to State a Claim Under the Consumer Records Act.

As an initial matter, Plaintiff does not dispute that he abandoned his Consumer Records Act claim in his Opposition to Caliber's Motion to Dismiss his *SAC* and he has made no changes to address Caliber's arguments regarding that claim in his TAC. His attempt to re-allege his CRA claim in the amended complaint is therefore improper, and the Court should dismiss the claim without further consideration. (MTD at 17-18.)

Even if the Court does consider Plaintiff's CRA claim (it should not), Plaintiff does not deny that he failed to allege any facts showing that he suffered an injury that was ***proximately caused*** by Caliber's conduct. (MTD at 18.) Again, this defect is independently fatal to Plaintiff's CRA claim.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.   CASE NO. 3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

Plaintiff's only effort to defend his CRA claim comes in the form of a response to the Court's instruction that he must provide "more facts to support his various theories for a CRA violation." (Order at 4.) Plaintiff suggests he has bolstered his allegations by alleging that Caliber's efforts to mitigate "damage done by the Breach" were insufficient to "stop the fraudulent removal of money from [his] bank account or the attempt to open a credit card in his name." (Opp'n at 7.) However, Plaintiff simultaneously admits that he did not participate in the identity protection service offered by Caliber.[1] (Opp'n at 4 n.3.) If Plaintiff did not take advantage of the services offered by Caliber, he cannot claim that those services failed to prevent his injuries. Plaintiff makes no attempt to explain this inconsistency, which renders his allegations implausible and insufficient to establish that Caliber's efforts were "unreasonable" under the CRA.

Similarly, Plaintiff argues that Caliber "had no reason to retain [his] personal identifying information after it closed his home loan application," but concedes that he does not allege that Caliber did, in fact, retain his information after his application was closed. (Opp'n at 7.) Plaintiff's concession guts his claim. Moreover, Plaintiff points to no facts suggesting that Caliber's data retention policies are unreasonable in any way. In fact, Plaintiff does not identify when he provided his personal information to Caliber, when Caliber closed his home loan application, or when Caliber disposed of his data. Under even the most generous reading, Plaintiff's incomplete allegations cannot establish that Caliber unnecessarily retained Plaintiff's information for any period of time, let alone that it "retained [Plaintiff's] data long after it was reasonable to do so." (*Contra* Opp'n at 7.)

Finally, Plaintiff makes no attempt to defend his allegations related to the

---

[1] Plaintiff alleges that, at some unidentified time, he purchased "Experian's credit monitoring services," but does not allege that the Experian services he purchased were identical to those offered by Caliber or even that Plaintiff was subscribed to those services when someone transferred fund from his Wells Fargo Account. (TAC ¶ 13.) Moreover, Plaintiff admits that Experian notified him of the attempt to open a credit card in his name, thereby preventing him from suffering any actual harm. (TAC ¶ 15.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.   CASE NO. 3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

insufficiency of Caliber's disclosures regarding the cyberattack, nor does he address his failure to allege facts establishing that Caliber was even obligated to make any such disclosures. (MTD at 19-20.)

Each of these deficiencies is independently sufficient to warrant dismissal of Plaintiff's CRA claim.

### 3. Plaintiff Fails to State a Claim Under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200).

Plaintiff concedes that, to state a claim under the unlawful prong of the UCL, he must establish that Caliber violated the law serving as the basis for his UCL claim and thereby caused him to lose "money or property." (MTD at 20; Opp'n at 7-9.) Moreover, Plaintiff does not dispute that he must also establish that he is entitled to restitution or injunctive relief. (MTD at 20.) However, Plaintiff fails to meet any of these requirements.

*First*, Plaintiff claims that his UCL claim is based on Caliber's alleged violation of the CRA, the Privacy Act of 1974, and the FTC Act. (Opp'n 8-9.) However, Plaintiff fails to establish a violation of any of these statutes. As described above in Section II.A.2, Plaintiff's CRA claim is fundamentally flawed and cannot support a UCL claim. (*See* MTD at 17-20.) Moreover, Plaintiff does not deny that his allegations are insufficient to state a claim under the Privacy Act of 1974 or the FTC Act. (MTD at 21-22.) Because Plaintiff cannot establish that Caliber has violated any statute, his UCL claim fails. (Order at 6.)

*Second*, in response to the Court's prior finding that he did not "sufficiently allege[] 'lost money or property'" (Order at 6), Plaintiff claims that he "lost funds" in the form of (1) payment for credit monitoring, (2) money "stolen" from his Wells Fargo account, and (3) payment to Caliber for "products or services related to his loan and loan application, including fees paid to [Caliber] that were supposed to go toward sufficiently securing his personal data." (Opp'n at 9.) For the reasons discussed in Caliber's opening brief (and ignored by Plaintiff in his Opposition), none of these

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.   CASE NO. 3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

allegations is sufficient to establish that Plaintiff suffered an "economic injury" that was "caused by" Caliber's business practices. (*See* MTD at 22 (citing authorities).)

As an initial matter, Plaintiff does not claim that he paid for credit monitoring because of or even after the cyberattack on Caliber's databases. To the contrary, in response to Caliber's arguments, he admits that "[i]t is reasonable to infer that Mr. Razuki would not have paid for Experian had he known earlier that [Caliber] was going to provide it for free." (Opp'n at 4 n.3.) ***Plaintiff thus admits that he purchased the service before learning of the cyberattack***, notice of which was provided in the same letter offering Experian's credit monitoring service. (*See* Opp'n at 4; https://oag.ca.gov/system/files/Sample%20Notice_11.pdf.) Thus, Plaintiff's concessions make it clear that payment for credit monitoring cannot be attributed to any business practice of Caliber's.

Moreover, Plaintiff does not claim that the money "stolen" from his Wells Fargo bank account went unreimbursed, nor does he even allege that the fraudulent transfer of funds occurred after, let alone was "caused by," the cyberattack. (MTD at 22.) Plaintiff's failure to respond to these arguments confirms that his failure to include details about reimbursement and timing of the transfer was not inadvertent, but was rather an attempt to skate by a motion to dismiss by omitting key details that cut against his claim.

Additionally, contrary to his assertion in his Opposition that he "paid [Caliber] for products or services related to his loan and loan application" (Opp'n at 9), Plaintiff does not actually allege that he personally paid Caliber for anything. In fact, Plaintiff does not even allege that he received services from Caliber at all—claiming instead that he provided information to Caliber "as part of a loan transaction ***or attempted loan transaction***." (TAC ¶ 8 (emphasis added).) Plaintiff's blanket allegations regarding injuries suffered by "Plaintiff and members of the Class" cannot substitute for a direct

statement that Plaintiff himself paid Caliber for undelivered cybersecurity services.[2] (TAC ¶ 51(h).)  Nor can Plaintiff rely on his conclusory allegation that "a portion of" the money allegedly "paid by the Class to Caliber . . . for [] products or services" was for "safeguards and security measures" that they did not receive—Plaintiff fails entirely to identify a single payment made to Caliber or "safeguard or security measure" promised but not delivered in exchange.  (TAC ¶ 51(h).)

Finally, Plaintiff's claim that "California law considers a threat to a person's credit to be 'lost money or property' within the [UCL's] meaning," is unsupported by the inapposite cases he cites.  (Opp'n at 9); *see Alborzian v. JP Morgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 38-39 (2015) (finding that plaintiff had standing where he suffered actual harm to his credit, including a diminished credit score, and holding that "'[p]erpetration of [c]redit [r]eports containing inaccurate erroneous information regarding "due and owing" debts is a sufficient injury to grant [p]laintiffs standing' under the UCL.") (citations omitted); *Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d

---

[2] Plaintiff claims to have remedied his vague and inadequate allegations of harm suffered by "Plaintiff and/or members of the Class" by replacing the conjunctive–disjunctive "and/or" construction with the word "and" in his TAC. (*Compare* Opp'n at 3, 5 *with* TAC ¶¶ 17, 24, 43-51.)   To support this change, he explains that he and the Class "were damaged in the same manner" because "Caliber told the state of California that many of its customers had their information compromised in the breach, like Mr. Razuki did." (Opp'n at 4.)  Plaintiff's assertion defies logic.  Even if Plaintiff had alleged that his information was compromised in the cyberattack on Caliber's databases (he did not), the mere fact that Plaintiff and other Caliber customers **had their data compromised in the same way** does not mean that **their injuries are identical**.  As Plaintiff's list of Class injuries demonstrates, there are numerous injuries that Class members may have incurred but that Plaintiff does not claim to have personally suffered.  For example, Plaintiff claims that he "and members of the Class" suffered "costs associated with inability to obtain money from their accounts or being limited in the amount of money they were permitted to obtain from their accounts, including missed payments on bills and loans, late charges and fees, and adverse effects on their credit including decreased credit scores and adverse credit notations." (TAC ¶ 51(d).)  However, these allegations directly conflict with Plaintiff's more specific claim that he "avoid[ed] overdrafts and other charges" on his Wells Fargo account by "mov[ing] money from his other accounts to his Wells Fargo account to cover the amount that was stolen from him." (TAC ¶ 18.)  These inconsistencies demonstrate that Plaintiff's blanket Class allegations do not represent actual injuries suffered by Plaintiff but rather a broad set of injuries that customers *might* have suffered had their information been disclosed in a data breach.  Such hypothetical allegations are insufficient to support any claim.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.   CASE NO.  3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

1111, 1146-47 (N.D. Cal. 2012) (same).  Plaintiff here does not claim to have suffered any actual harm to his credit.

**_Third_**, Plaintiff completely ignores Caliber's argument that he has not alleged a basis for restitution or injunctive relief, which are the only two remedies available under the UCL.  (MTD at 22-23.)

For all of these reasons, Plaintiff's UCL claim fails.

### B. Plaintiff Lacks Article III Standing.

As an initial matter, Plaintiff's claim that Caliber was required to file a motion for reconsideration to challenge his standing to bring the claims alleged in his TAC is both incorrect and unsupported by any law.  Caliber is not seeking reconsideration of the Court's order upholding Plaintiff's standing to bring the claims alleged in his Second Amended Complaint ("SAC").  Rather, Caliber is challenging Plaintiff's standing to bring the claims alleged in his TAC, which supersedes his prior Complaint.  *Cf. Doe v. Unocal Corp.*, 27 F. Supp. 2d 1174, 1180 (C.D. Cal. 1998) ("'[I]t is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956).)  Plaintiff's cases do not hold otherwise.  *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (plaintiffs sought reconsideration under Fed. R. Civ. P. 59(e) of a district court's "final judgment" awarding attorney's fees); *Smith v. Massachusetts*, 543 U.S. 462, 473-75 (2005) (holding that the Double Jeopardy Clause forbade a judge from reconsidering a midtrial acquittal later in the trial).

Plaintiff's substantive defense of his standing is equally unavailing.  When faced with his fundamental failure to allege facts establishing that his injuries are "fairly traceable" to **_Caliber's_** conduct, Plaintiff misstates his allegations—claiming, without citation to or support from the TAC, that "his data has been compromised by the Breach"—and points to his vague and conclusory claim that Caliber's "failure to maintain adequate security protocols actually and proximately caused the exposure of [Plaintiff's] data." (Opp'n at 10-12.)  In so doing, Plaintiff completely ignores the fact

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.   CASE NO. 3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

that his TAC contains **no allegations** establishing that **his** personal information was in Caliber's possession at the time of the cyberattack, let alone that it **was actually stolen**. (MTD at 6-7.)  Courts considering allegations similar to Plaintiff's have rejected them as insufficient to confer standing, and Plaintiff makes no attempt to explain why the reasoning applied in these cases does not require dismissal here. (*See* MTD at 7 (citing authorities).)

Plaintiff's failure to allege that his data was accessed in the cyberattack also renders his Complaint highly distinguishable from the cases on which he relies, all of which turn on the fact that plaintiffs plausibly alleged that their personal information was actually compromised. *See Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (plaintiffs alleged "a credible threat of real and immediate harm stemming from the theft of a laptop ***containing their unencrypted personal data***") (emphasis added); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 16-cv-0014, 2016 WL 6523428, at *6 (S.D. Cal. Nov. 3, 2016) (plaintiff had standing where he "***alleged that his credit card information was stolen*** and misused and that he arranged to cancel and reissue the compromised credit card after learning that his [personal information] was misused"); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1214-15 (N.D. Cal. 2014) (plaintiffs had standing where "there [wa]s no need to speculate as to whether Plaintiffs' information ha[d] been stolen and what information was taken"); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968 (7th Cir. 2016) (plaintiffs had standing where they alleged that defendant was in possession of their credit card information at the time "the data system for an entire corporation with locations across the country experience[d] a data breach and the corporation react[ed] as if that breach could affect all of its locations").

Similarly, Plaintiff's invocation of his conclusory allegations regarding Caliber's security measures cannot remedy his continued failure to identify a single action Caliber took or failed to take to enable the cyberattack or to otherwise cause him harm.  (MTD at 7-8.)  Plaintiff's cited authority only highlights the insufficiency of his claims.  In *In*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.                     CASE NO.  3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

*re Adobe Systems*, plaintiffs alleged a number of deficiencies in defendant's security practices including the fact that defendant's "encryption scheme was poorly implemented, such that the researchers were able to decrypt a substantial portion of the stolen passwords in short order" and that defendant "similarly failed to employ intrusion detection systems, properly segment its network, or implement user or network level system controls." 66 F. Supp. 3d at 1206-07.  Plaintiff makes no such allegations in this case but relies solely on the fact that the cyberattack occurred to infer Caliber's liability.  Plaintiff offers no authority for this radical approach to Article III's causation requirement.

### C. The Court Should Dismiss Plaintiff's Claims with Prejudice.

Plaintiff's request for leave to file a ***fourth*** amended complaint should be rejected.  Despite having amended his complaint ***three times***, Plaintiff has still failed to allege even the most basic facts necessary to establish standing and to state a claim against Caliber, and he instead has shown a propensity to ignore both the Court's guidance and Caliber's arguments for dismissal.  (*See* MTD at 25.)  Indeed, Plaintiff's Opposition neglects even to acknowledge the fundamental deficiencies in his Complaint, let alone identify ways in which Plaintiff could address them.  Given this, there is simply no reason to allow yet another amended complaint where it is clear that further amendment would be futile. (MTD at 25 (citing authorities).)

### III. CONCLUSION

For the foregoing reasons, Plaintiff's TAC should be dismissed with prejudice for lack of Article III standing and failure to state a claim.

Dated:   August 20, 2018            COOLEY LLP

By: */s/ Benjamin Kleine*
Benjamin Kleine
Attorneys for Defendant
Caliber Home Loans, Inc.
Email:  bkleine@cooley.com

184139410

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.                CASE NO.  3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I filed the document named below pursuant to the Court's Electronic Case Filing Administrative Policies and Procedures Manual:

CALIBER HOME LOANS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

with the Clerk of the Court using the CM/ECF system. Counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

Executed on August 20, 2018 at San Francisco, California.

*Debra Foster*
Debra Foster

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.    CASE NO. 3:17-CV-01718-LAB-WVG
DEFENDANT CALIBER HOME LOANS, INC.'S REPLY ISO MOTION TO DISMISS THIRD AMENDED COMPLAINT